IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| JOE DALE MARTINEZ AND FIDENCIO LOPEZ, JR., Individually and on behalf of all others similarly situated; <br><br> *Plaintiffs*, <br><br> v. <br><br> REFINERY TERMINAL FIRE COMPANY <br><br> *Defendant* | Civil Action No. 2:11-cv-295 <br><br> JURY TRIAL DEMANDED <br><br> COLLECTIVE ACTION PURSUANT TO 29 U.S.C. § 216(b) |

## ORIGINAL COLLECTIVE ACTION COMPLAINT

Plaintiffs, Joe Dale Martinez and Fidencio Lopez, Jr., bring this action on behalf of themselves and other former and current employees of Defendant, Refinery Terminal Fire Company ("RTFC"), (hereinafter "Plaintiffs and Potential Class Members") to recover compensation, liquidated damages, attorneys' fees, and costs, pursuant to the provisions of Section 216(b) of the Fair Labor Standards Act of 1938, as amended 29 U.S.C. § 216(b).

### I.   OVERVIEW

1.1   This is a collective action to recover overtime wages brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et. seq*.

1.2   The Potential Class Members are those persons currently or formerly employed by Defendant RTFC as firefighters at the Main Station located at 4802 Up River Road and the Training Academy located at 3920 Carbon Plant Road, both of

which are in Corpus Christi, Nueces County, Texas, and who worked in excess of forty (40) hours per workweek.

1.3     Defendant RTFC failed to pay the Plaintiffs and the Potential Class Members in accordance with the FLSA.  Specifically, the Plaintiffs and the Potential Class Members were not paid time and a half of their regular rate pay for all hours worked in excess of forty (40) hours per workweek.  The Plaintiffs and the Potential Class Members were also required to perform "additional time worked" (hereinafter "ATW") over and above forty (40) hours per workweek for which they did not receive full compensation pursuant to the FLSA.  Further, the Plaintiffs and the Potential Class Members were required to be "on-call" for twenty-four (24) hours at a time but would not receive full compensation pursuant to the FLSA for all hours worked in excess of forty (40) hours per workweek.  The Plaintiffs and the Potential Class Members did not and currently do not perform work that meets the definition of exempt work under the FLSA.

## II.     PARTIES

2.1     Plaintiff Joe Dale "J. D." Martinez ("Martinez") is an individual who resides in Corpus Christi, Nueces County, Texas.  Plaintiff worked as a "salaried non-exempt" employee of Defendant RTFC within the meaning of the FLSA within this judicial district within the relevant three-year period.  Plaintiff did not properly receive overtime compensation for hours worked in excess of forty (40) hours per week.

2.2     Plaintiff Fidencio "J. R." Lopez, Jr. ("Lopez") is an individual who resides in Corpus Christi, Nueces County, Texas.  Plaintiff worked as a "salaried non-exempt" employee of Defendant RTFC within the meaning of the FLSA within this judicial district within the relevant three-year period.  Plaintiff did not properly receive overtime compensation for hours worked in excess of forty (40) hours per week.

2.3     The Potential Class Members are those "salaried non-exempt" employees who worked under the direct control and supervision of Defendant RTFC and were subjected to the same illegal pay system under which Plaintiff worked.  These employees regularly worked in excess of forty (40) hours per workweek without being paid at time and a half of their regular rate of pay for all overtime hours.

2.4     Defendant RTFC is a non-profit corporation duly organized and existing under the laws of the State of Texas, having its principal place of business located in Corpus Christi, Nueces County, Texas, within the territorial jurisdiction of this Court.  Defendant RTFC may be served through its registered agent for service, Lonnie Bartlett, 4802 Up River Road, Corpus Christi, Texas 78407.

### III.     JURISDICTION

3.1     This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1331 as this is an action arising under 29 U.S.C. § 201 *et. seq*.  This Court has personal jurisdiction over Defendant RTFC because the cause of action arose within this district as a result of Defendant RTFC's conduct within this district.

### IV.     VENUE

4.1     Venue is proper in the Southern District of Texas because Defendant RTFC resides in the Southern District of Texas, Corpus Christi Division.  Venue is also proper in the Southern District, Corpus Christi Division, because this is a judicial district where a substantial part of the events or omissions giving rise to the claim occurred.  Further, the named Plaintiffs are residents of the Southern District of Texas.  Pursuant to 28 U.S.C. § 1391, venue is proper in any division of the Southern District of Texas.

## V.     COVERAGE

5.1     At all times hereinafter mentioned, Defendant RTFC has been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

5.2     At all times hereinafter mentioned, Defendant RTFC has been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

5.3     At all times hereinafter mentioned, Defendant RTFC has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, or in any closely related process or occupation directly essential to the production thereof, and in that those enterprises have had, and have, an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated). During the respective periods of Plaintiffs' and the Potential Class Members' employment by Defendant RTFC, Plaintiffs and the Potential Class Members provided services for Defendant RTFC that involved interstate commerce.  In performing the operations herein above described, Plaintiffs and the Potential Class Members were engaged in commerce or in the production of goods for commerce within the meaning of §§ 203(b), 203(i), 203(j), 206(a), and 207(a) of the Act.  29 U.S.C. §§ 203(b), 203(i), 203(j), 206(a), 207(a).  Specifically, the Plaintiffs and Potential Class Members were employees engaged in fire prevention services that were directly essential to the production of goods for the below named members of Defendant RTFC.  29 U.S.C. § 203(j).

5.4     At all times hereinafter mentioned, Plaintiffs and the Potential Class Members were individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

5.5     The class of similarly situated employees, i.e. putative class members sought to be certified pursuant to 29 U.S.C. § 216(b) is defined as "all current and former salaried non-exempt employees of Defendant Refinery Terminal Fire Company from 2003 through the present." The precise size and identity of the Potential Class should be ascertainable from the business records, tax records, and/or employee or personnel records of Defendant RTFC, and their related and affiliated entities.

## VI.     FACTS

6.1     Defendant RTFC is the largest non-profit industrial firefighting group in the United States. Defendant RTFC is comprised of and owned entirely by its members – Calpine Corporation, CITGO-Corpus Christi Refinery, Diamond Shamrock-Corpus Christi Facility, Elementis Chromium LP, Lyondell Chemical-Corpus Christi Plant, El Paso Corporation, Koch Pipeline Co., LP, Flint Hills Resources-East, Flint Hills Resources-West, Port of Corpus Christi Authority and Valero Refining. Defendant RTFC is funded by these members who each pay an annual assessment for access to RTFC fire protection. Defendant RTFC is in the business of providing fire protection, prevention, inspection, hazard mitigation, training, and technical support services. Defendant RTFC currently has over 100 full time fire fighters that protect over 70 individual facilities and contains billions of dollars in assets.

6.2     Plaintiff Martinez was employed by Defendant RTFC from approximately May 1995 until April 2010. During that time, Plaintiff Martinez worked as a "salaried non-exempt" Trainee, Entry Level Firefighter 1, Senior Level Firefighter 1, Entry Level Firefighter 2, Senior Level Firefighter 2, Entry Level Captain and Senior Level Captain

at Defendant RTFC's Main Station and Training Academy in Corpus Christi, Texas. Plaintiff Martinez was paid based on an hourly rate. *See* Payroll Check of Senior Level Captain Joe Dale "J. D." Martinez, attached hereto as Exhibit "A" and incorporated as if set forth fully herein; *see also* Affidavit of Senior Level Captain Joe Dale "J. D." Martinez, attached hereto as Exhibit "B" and incorporated as if set forth fully herein.

6.3   Plaintiff Lopez was employed by Defendant RTFC from approximately February 2004 until May 2011. During that time, Plaintiff Lopez worked as a "salaried non-exempt" Trainee, Entry Level Firefighter 1 and Senior Level Firefighter 1 at Defendant RTFC's Main Station and Training Academy located in Corpus Christi, Texas. Plaintiff Lopez was paid based on an hourly rate.

6.4   Defendant RTFC required or permitted the Plaintiffs to work in excess of forty (40) hours per week without being paid full overtime compensation. The Plaintiffs were not paid time and a half for all hours they worked over forty (40) hours per workweek. The Plaintiffs were required to perform ATW, or work past their regular shift, but would not receive full compensation for all hours worked pursuant to the FLSA. Further, the Plaintiffs were required to be "on-call" for twenty-four (24) hours at a time but would not receive full compensation pursuant to the FLSA for all hours worked in excess of forty (40) hours per workweek.

6.5   The Plaintiffs were not exempt from the overtime pay requirements of the Fair Labor Standards Act because they were "salaried non-exempt" employees and/or their duties were non-exempt. Further, the Plaintiffs were firefighters ("first responders") who performed work such as preventing, controlling or extinguishing fires of any type and therefore is not exempt under Section 13(a)(1) of the FLSA.

## VII.   CAUSES OF ACTION

**A.   FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT**

7.1   During the relevant period, Defendant RTFC violated provisions of Sections 6 and/or 7 of the FLSA, 29 U.S.C. §§ 206, 207, and 215(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than forty (40) hours without compensating such employees for their employment in excess of forty (40) hours per week at rates no less than one and one-half times the regular rates for which they were employed.

7.2   Moreover, Defendant RTFC knowingly, willfully or in reckless disregard carried out their illegal pattern of failing to pay the Plaintiffs and other similarly situated employees overtime compensation.  The decision by Defendant RTFC not to pay overtime compensation to its "salaried non-exempt" employees was neither reasonable nor in good faith.  Accordingly, the Plaintiffs and other similarly situated employees are entitled to overtime wages pursuant to the FLSA in an amount equal to one and one-half times their rate of pay, plus liquidated damages, attorney's fees and costs.

7.3   Further, Defendant RTFC fraudulently induced the Plaintiffs and Potential Class Members to not seek their unpaid overtime wages.  Defendant RTFC had a special relationship with the Plaintiffs and Potential Class Members as defined by law, and therefore a duty to disclose material facts and information to the Plaintiffs and Potential Class Members and failed to do so.  Defendant RTFC also misrepresented material facts to the Plaintiffs and Potential Class Members, that were false, known to be false, that were intended to be relied upon, and that were in fact relied upon by the

Plaintiffs and the Potential Class Members to their detriment. Such fraud includes but is not limited to misrepresenting the value of unpaid scheduled overtime, ATW overtime, and "on-call" wages and overtime. All of these unlawful acts and omissions harmed the Plaintiffs and Potential Class Members in an amount greatly in excess of the minimum jurisdictional limits of the Court. As such, the Plaintiffs and Potential Class Members seek unpaid overtime wages from 2003 through the present.

**B.      COLLECTIVE ACTION ALLEGATIONS**

7.4     On behalf of all those who are similarly situated to the Plaintiffs, the Plaintiffs file this as a collective action pursuant to 29 U.S.C. § 216(b).

7.5     Other employees have been victimized by Defendant RTFC's patterns, practices, and policies which are in willful violation of the FLSA. These employees worked for Defendant RTFC and were also denied their overtime wages for all hours they worked in excess of forty (40) hours per workweek. Moreover, these employees were required to be "on call" for twenty-four (24) hours at a time but would not receive full compensation for all hours worked. Thus, Plaintiffs are aware that the illegal practices or policies of Defendant RTFC have been imposed on the Potential Class Members.

7.6     The Potential Class Members are "all current and former salaried non-exempt employees of Defendant Refinery Terminal Fire Company from 2003 through the present," and were subjected to the same illegal pay system under which the Plaintiffs worked. These employees regularly worked in excess of 40 hours in a workweek without being paid at time and a half of their regular rate of pay for all overtime hours. Further, these employees were required to be "on call" for twenty-four (24) hours at a time but would not receive full compensation for all hours worked.

7.7 Defendant RTFC's failure to pay wages and overtime compensation at the rates required by the FLSA result from generally applicable policies and practices and do not depend on the personal circumstances of the Potential Class Members. Thus, the Plaintiffs' experiences are typical of the experiences of the Potential Class Members.

7.8 The specific job titles or precise job requirements of the various Potential Class Members do not prevent collective treatment. All of the Potential Class Members, regardless of their precise job requirements or rates of pay, are entitled to be properly compensated for all hours worked in excess of forty (40) hours per workweek. Although the issues of damages may be individual in character, there is no detraction from the common nucleus of liability facts. Accordingly, the class of similarly situated Plaintiffs is defined as:

> **ALL CURRENT AND FORMER SALARIED NON-EXEMPT EMPLOYEES OF DEFENDANT REFINERY TERMINAL FIRE COMPANY DURING THE TIME PERIOD FROM 2003 THROUGH THE PRESENT WHO WERE NOT PAID OVERTIME COMPENSATION FOR TIME WORKED IN EXCESS OF 40 HOURS PER WORKWEEK AND WHO WERE NOT PAID FULL COMPENSATION FOR TIME SPENT ON-CALL.**

## VIII. ACCOUNTING

8.1 The Plaintiffs and the Potential Class Members are owed wages which equal the sum of overtime compensation not paid by Defendant RTFC to the Plaintiffs and the Potential Class Members.

8.2 The Plaintiffs and the Potential Class Members do not know the precise amount of compensation due to the Plaintiffs and the Potential Class Members. The Plaintiffs and the Potential Class Members were required to submit the hours they worked to Defendant RTFC and therefore Defendant RTFC possesses records from which the amount of compensation due and owing to each of the members of the Plaintiff Class herein can be determined.

8.3     The amount of interest and penalties owed to the Plaintiffs and the Potential Class Members is based on the amount of compensation owed to members of the Plaintiff Class by Defendant RTFC.  This amount can only be determined by an accounting of books and records in the possession of Defendant RTFC.

## IX.     RELIEF SOUGHT

9.1     The Plaintiffs respectfully pray for judgment against Defendant RTFC as follows:

a.  For an Order recognizing this proceeding as a collective action pursuant to Section 216(b) of the FLSA and requiring Defendant RTFC to provide the names and addresses of all potential collective action members;

b.  For an Order approving the form and content of a Notice to be sent to all potential collective action members advising them of the pendency of this litigation and of their rights with respect thereto;

c.  For an Order awarding the Plaintiffs (and those who have joined in the suit) back wages that have been improperly withheld from 2003 through the present;

d.  For an Order pursuant to Section 16(b) of the FLSA finding Defendant RTFC liable for unpaid back wages due to the Plaintiffs (and those who have joined in the suit) and for liquidated damages equal in amount to the unpaid compensation found due to the Plaintiffs;

e.  For an Order awarding the Plaintiffs (and those who have joined in the suit) the costs of this action;

f.  For an Order awarding the Plaintiffs (and those who have joined in the suit) their attorneys' fees;

g.  For an Order awarding pre-judgment and post-judgment interest at the highest rates allowed by law; and

h.  For an Order granting such other and further relief as may be necessary and appropriate.

Case 2:11-cv-00295   Document 1   Filed in TXSD on 09/09/11   Page 11 of 11

Respectfully submitted,

    /s/Craig M. Sico
Craig M. Sico
Federal I.D. No. 13540
Texas Bar No. 18339850
SICO, WHITE, HOELSCHER & BRAUGH, L.L.P.
802 N. Carancahua, Suite 900
Corpus Christi, Texas 78401
Telephone: 361/653-3300
Facsimile: 361/653-3333

**ATTORNEY IN CHARGE FOR PLAINTIFFS**

Of Counsel:

Roger S. Braugh, Jr.
Federal I.D. No. 21326
Texas Bar No. 00796244
Clif Alexander
Texas Bar No. 24064805
Stuart R. White
Texas Bar No. 24075268
SICO, WHITE, HOELSCHER & BRAUGH, L.L.P.
802 N. Carancahua, Suite 900
Corpus Christi, Texas 78401
Telephone: 361/653-3300
Facsimile: 361/653-3333

Jerry Guerra
Federal I.D. No. 18166
Texas Bar No. 00789326
HUERTA GUERRA BEAM, PLLC
924 Leopard Street
Corpus Christi, Texas 78401
Telephone: 361/884-1632
Facsimile: 361/884-7013

Respectfully submitted,

    /s/Craig M. Sico
Craig M. Sico
Federal I.D. No. 13540
Texas Bar No. 18339850
SICO, WHITE, HOELSCHER & BRAUGH, L.L.P.
802 N. Carancahua, Suite 900
Corpus Christi, Texas 78401
Telephone: 361/653-3300
Facsimile: 361/653-3333

**ATTORNEY IN CHARGE FOR PLAINTIFFS**

Of Counsel:

Roger S. Braugh, Jr.
Federal I.D. No. 21326
Texas Bar No. 00796244
Clif Alexander
Texas Bar No. 24064805
Stuart R. White
Texas Bar No. 24075268
SICO, WHITE, HOELSCHER & BRAUGH, L.L.P.
802 N. Carancahua, Suite 900
Corpus Christi, Texas 78401
Telephone: 361/653-3300
Facsimile: 361/653-3333

Jerry Guerra
Federal I.D. No. 18166
Texas Bar No. 00789326
HUERTA GUERRA BEAM, PLLC
924 Leopard Street
Corpus Christi, Texas 78401
Telephone: 361/884-1632
Facsimile: 361/884-7013