IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JOE DALE MARITNEZ AND | § | |
| FIDENCIO LOPEZ, JR. Individually | § | |
| And on behalf of all others similarly | § | |
| Situated; | § | |
| | § | |
| v. | § | Civil Action No. 2:11-cv-295 |
| | § | |
| REFINERY TERMINAL FIRE | § | JURY TRIAL DEMAND |
| COMPANY | § | |
| | § | COLLECTIVE ACTION |
| | § | PURSUANT TO 29 2.S.C.§216(b) |

**DEFENDANT'S MOTION TO DISMISS PURSUANT TO RULE 12( b) FOR FAILURE TO STATE A CLAIM AND ORIGINAL ANSWER TO PLAINTIFFS' AMENDED COMPLAINT SUBJECT THERETO**

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Defendant Refinery Terminal Fire Company ("RTFC") and files this Motion to Dismiss Pursuant to Rule 12(b) for Failure to State a Claim upon which relief can be granted, as authorized by Fed. R. Civ. P. 12(b)(6), and files its Original Answer to Plaintiffs' Amended Complaint subject thereto, and respectfully shows the Court as follows:

**I.      Summary of Objections and Motion**

1.      RTFC is a private not for profit industrial fire-fighting company providing fire protection and prevention, inspection, hazard mitigation, training, and technical support services to refineries and petrochemical facilities. Plaintiffs are former RTFC employees. At all relevant times, Plaintiffs were paid a salary which was not subject to reduction to the quality or quantity of the work performed and, in addition, computed overtime for work over 40 hours in any workweek and other payment for out of shift work as allowable by the Fair Labor Standards Act,

{C0610497.DOCX:3}

29 USCS, 207 (FLSA).  Plaintiffs now claim they were not paid overtime pursuant to the FLSA

and claim that they were not paid for being "on call".

2.      On the face of Plaintiffs' Amended Complaint the allegations are barred, in part, by the

applicable limitations period for FLSA claims.  29 U.S.C. § 255(a) (two-year limitations period

unless claim is willful then three-year limitations applies).  So, all claims in excess of 3 years of

the date of filing are barred.  Finally, Plaintiffs' bare allegation of not being paid for "on call"

time, without more fails to state a claim on which relief may be granted because, on call time is

not working time and Plaintiffs have not alleged they performed any work duties while on call.

## II.      Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim and Rule 12(e) Motion for More Definite Statement

## A.  Legal Standard.

1.      In general, the Federal Rules of Civil Procedure require plaintiffs to plead "a short and

plain statement of the claim showing that the pleader is entitled to relief".  Fed. R. Civ. P.

8(a)(2).  However, although 8(a) does not require detailed factual allegations, "it demands more

than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Bell Atl. Corp. v.

Twombly,* 127 S.Ct. 1955, 1955 (2007).  Rule 12(b) authorizes a district court, upon suitable

showing, to dismiss any action or any claim within an action for failure to state a claim upon

which relief can be granted.  *Jones vs. Gahn*, 246 F. Supp2d 622, 626 (S.D.Tx. 2003); Fed. R.

Civ. P. 12(b)(6). To survive a motion to dismiss on the face of the pleadings, a plaintiff must

provide the <u>factual</u> basis showing that the right to relief is "plausible" and above mere

speculation. *Twombly,* 127 S.Ct. at 1964-65.

2.      A claim is "plausible" and thus sufficient, when the "factual content [] allows the court to

draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal v.

Ashcroft,* 129 S.Ct. 1937, 1949 (2009).  This requires the plaintiff to allege facts sufficient to

demonstrate "more than a sheer possibility" of unlawful activity, or that the facts alleged are "merely consistent" with potential liability.  *Id.* (citing *Twombly,* 127 S.Ct. at 1955).  Such pleadings "stop short of the line between possibility and plausibility" and, therefore, are subject to dismissal for failure to state a claim.  *Id.*  1949-1950 (when facts infer no more than the possibility of misconduct, the plaintiff has not met his pleading burden).  "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss".  *Id.* at 1950.

3.      When ruling on a 12(b)(6) motion, the Fifth Circuit uses a two-tiered approach: first, the court should identify and exclude from consideration all allegations which are legal conclusions, "because they are . . . not entitled to the assumption of truth"; and, second, the court should assume the truth of all well-pleaded factual allegations.  *Rhodes vs. Prince,* 2010 WL 114203, 2 (5th Cir. Jan. 12, 2010)(not released for publication).  Legal conclusions "must be supported by factual allegations."  *Iqbal*, 129 S.Ct. at 1950.

### B.  Plaintiffs' claims are barred by limitations and must be dismissed.

1.      Certain of Plaintiffs' allegations fail to state a claim upon which relief can be granted because they seek relief for claims barred by the applicable statute of limitations.  In particular Plaintiffs seek to assert claims for periods of up to seven years.  Amended Comp. ¶¶ 5.6, 6.3-6.9, 6.11-6.18, 7.3, 7.5, 7.7, 7.8.  Where the facts and dates alleged in the Amended Complaint show that the claims are barred by limitations, a motion to dismiss under Rule 12(b)(6) is proper.  *Kaiser Aluminum & Chem. Sales Inc. v. Avondale Shipyards, Inc.* 677 F.2d 1045, 1050 (5th Cir. 1982).

2.      Actions to enforce the FLSA are governed by a two-year statute of limitations, which may be extended to three years for willful violations.  29 USC § 255(a). Thus, on the face of the Amended Complaint all claims outside of the two-year limitation period

are barred unless a willful violation is properly alleged. *Id.; Ikossi-Anatasiou v. Bd. of Supervisors of La. State Univ*, 597 F.3d 546, 552 (5th Cir. 2009). Moreover, even if willfulness is sufficiently pled, which Defendants deny, the statute of limitations is only three years, and all assertions for relief for alleged action occurring prior to September 9, 2008, fail to present a claim upon which relief may be granted.

C. **On call time is non-working time and Plaintiffs make no factual allegations of any sort to even infer that such time is compensable.**

1.      It is axiomatic that to be compensable time under the FLSA employees must be "working". *See* 29 U.S.C. § 207(a)(1) (compensation for "hours of work"). On call time, as alleged and by its nature, is simply waiting to be called to work. *Paniagua v. City of Galveston,* 995 F.2d 1310, 1316-17 (5th Cir. 1993) (on call time is waiting to be engaged). Indeed, so long as an individual is allowed to watch T.V., sleep, cook meals, play games, or engage in other personal pursuits, on call time is not compensable time even if the employee is restricted to their home, on a river barge, or even the employer's place of business. *See e.g., id.* at 1317; *Brock v. El Paso Natural Gas Co.,* 826 F.2d 369, 373 (5th Cir 1987) (restricted to home while on call not compensable); *C.M. Rousseau v. Teledyne Movible Offshore, Inc.,* 805 F.2d 1245, 1248 (5th Cir. 1986) (waiting on river barge not compensable); *Allen v. Atl. Richfield Co.,* 724 F.2d 1131, 1135 (5th Cir. 1984) (restricted to employer's place of business during a strike).

2.      To be entitled to compensation for idle time, such as on call time, the employees generally must have "almost no freedom at all". *Bright v. Houston NW Med. Ctr. Survivor, Inc.,* 934 F.2d 671, 676-77 (5th Cir. 1991) (en banc) (quoting *Halferty v. Pulse Drug Co.,* 864 F.2d 1185, 1189 (1989)). No such facts are alleged or even implied. Rather, Plaintiffs admit their only obligation while on-call was to respond within 30 or 45 minutes. Amended Comp. ¶ 6.23. Plaintiffs cite no other limitation placed on their time or activities. As a matter of law,

Plaintiffs fail to state a claim and/or Defendant is entitled to judgment on the pleadings with respect to on-call time.  *See*, e.g., *Brock*, 826 F.2d at 373-374 (requiring employee to remain at home while on-call is not compensable);  *Bright*, 934 F.2d at 673-674 (5th Cir. 1991) (en banc) (continuously on-call for a year with a 25-minute reporting requirement is not compensable as a matter of law), *cert. denied*, 112 S.Ct. 882 (1992); *Sims v. Housing Authority of El Paso*, 2011 WL 3862194, *4-5 (W.D. Tex. 2011) (on-call with 30 minute response time is not compensable).   "Stare decisis means that like facts will receive like treatment in a court of law." *Brock*, 826 F2d at 374 (applying previous standards to dismiss on-call claims).  Therefore, Plaintiffs' on-call allegations should be dismissed for failure to state a claim or judgment granted to Defendant on the pleadings.

### III.    Responses to Specific Allegations in  Plaintiffs' Amended Collective Action and Complaint

### Plaintiffs' General Allegations

Subject to its Rule 12 objections and defenses, Defendant responds as follows to the numbered paragraphs in Plaintiffs' Amended Complaint:

1. Paragraph 1.1 does not contain any factual allegation for which any response is appropriate.  Unless otherwise specifically admitted, Defendant denies any factual basis for which paragraph 1.1 may pertain, that any claim is proper or that Plaintiffs are entitled to any relief whatsoever.

2. With respect to paragraph 1.2 of the Amended Complaint, Defendant acknowledges that Plaintiffs attempt to define a class of firefighters.  Defendant denies that any class is appropriate.  All allegations in paragraph 1.2 which are not specifically admitted are denied.

3.  With respect to the allegations in paragraph 1.3 of the Amended Complaint, Defendant admits that from time-to-time its firefighters performed work in excess of 40 hours in a work week and were from time-to-time required to be on call. All allegations in paragraph 1.3 which are not specifically admitted are denied.

4.  With respect to paragraph 2.1 of the Amended Complaint, Defendant admits that Plaintiff Martinez worked as a firefighter employed by Defendant and served in various capacities. Plaintiff was paid a salary and computed overtime. All allegations in paragraph 2.1 which are not specifically admitted are denied.

5.  With respect to paragraph 2.2 of the Amended Complaint, Defendant admits that Plaintiff Lopez worked as a fighter employed by Defendant and served in various capacities. Plaintiff was paid a salary and computed overtime. All allegations in paragraph 2.2 which are not specifically admitted are denied.

6.  With respect to paragraph 2.3 of the Amended Complaint, Defendant admits that Plaintiff Alvarez worked as a fighter employed by Defendant and served in various capacities. Plaintiff was paid a salary and computed overtime. All allegations in paragraph 2.3 which are not specifically admitted are denied.

7.  With respect to paragraph 2.4 of the Amended Complaint, Defendant admits that Plaintiff Cantu worked as a fighter employed by Defendant and served in various capacities. Plaintiff was paid a salary and computed overtime. All allegations in paragraph 2.4 which are not specifically admitted are denied.

8.  With respect to paragraph 2.5 of the Amended Complaint, Defendant admits that Plaintiff Castillo worked as a fighter employed by Defendant and served in various

{C0610497.DOCX:3}                                          6

capacities.   Plaintiff was paid a salary and computed overtime. All allegations in paragraph 2.5 which are not specifically admitted are denied.

9.  With respect to paragraph 2.6 of the Amended Complaint, Defendant admits that Plaintiff Means worked as a fighter employed by Defendant and served in various capacities.   Plaintiff was paid a salary and computed overtime. All allegations in paragraph 2.6 which are not specifically admitted are denied.

10. With respect to paragraph 2.7 of the Amended Complaint, Defendant admits that Plaintiff Cruz worked as a fighter employed by Defendant and served in various capacities.   Plaintiff was paid a salary and computed overtime. All allegations in paragraph 2.7 which are not specifically admitted are denied.

11. With respect to paragraph 2.8 of the Amended Complaint, Defendant admits that Plaintiff Rives worked as a fighter employed by Defendant and served in various capacities.   Plaintiff was paid a salary and computed overtime. All allegations in paragraph 2.8 which are not specifically admitted are denied.

12. With respect to paragraph 2.9 of the Amended Complaint, Defendant admits that Plaintiff McDaniel worked as a fighter employed by Defendant and served in various capacities.   Plaintiff was paid a salary and computed overtime. All allegations in paragraph 2.9 which are not specifically admitted are denied.

13. With respect to paragraph 2.10 of the Amended Complaint, Defendant admits that Plaintiff Serna worked as a fighter employed by Defendant and served in various capacities.   Plaintiff was paid a salary and computed overtime. All allegations in paragraph 2.10 which are not specifically admitted are denied.

14. With respect to paragraph 2.11 of the Amended Complaint, Defendant admits that Plaintiff Mitchell worked as a fighter employed by Defendant and served in various capacities.   Plaintiff was paid a salary and computed overtime. All allegations in paragraph 2.11 which are not specifically admitted are denied.

15. With respect to paragraph 2.12 of the Amended Complaint, Defendant admits that Plaintiff Salinas worked as a fighter employed by Defendant and served in various capacities.   Plaintiff was paid a salary and computed overtime. All allegations in paragraph 2.12 which are not specifically admitted are denied.

16. With respect to paragraph 2.13 of the Amended Complaint, Defendant admits that Plaintiff Hogue worked as a fighter employed by Defendant and served in various capacities.   Plaintiff was paid a salary and computed overtime. All allegations in paragraph 2.13 which are not specifically admitted are denied.

17. With respect to paragraph 2.14 of the Amended Complaint, Defendant admits that Plaintiff Lopez worked as a fighter employed by Defendant and served in various capacities.   Plaintiff was paid a salary and computed overtime. All allegations in paragraph 2.14 which are not specifically admitted are denied.

18. With respect to paragraph 2.15 of the Amended Complaint, Defendant admits that Plaintiff Torres worked as a fighter employed by Defendant and served in various capacities.   Plaintiff was paid a salary and computed overtime. All allegations in paragraph 2.15 which are not specifically admitted are denied.

19. With respect to paragraph 2.16 of the Amended Complaint, Defendant admits that Plaintiff Sandejo worked as a fighter employed by Defendant and served in various

capacities. Plaintiff was paid a salary and computed overtime. All allegations in paragraph 2.16 which are not specifically admitted are denied.

20. With respect to paragraph 2.17 of the Amended Complaint, Defendant admits that Plaintiff Bouge worked as a fighter employed by Defendant and served in various capacities. Plaintiff was paid a salary and computed overtime. All allegations in paragraph 2.17 which are not specifically admitted are denied.

21. With respect to paragraph 2.18 of the Amended Complaint, Defendant admits that Plaintiff Lara worked as a fighter employed by Defendant and served in various capacities. Plaintiff was paid a salary and computed overtime. All allegations in paragraph 2.18 which are not specifically admitted are denied.

22. Paragraph 2.19 does not contain any factual allegation for which any response is appropriate. Unless otherwise admitted, Defendant denies any factual basis for which paragraph 2.19 may pertain, that any claim is proper and denies that Plaintiffs are entitled to any relief whatsoever.

23. Defendant admits the allegations in paragraph 2.20 of the Amended Complaint.

24. Defendant admits this Court has jurisdiction as alleged in paragraph 3.1 of the Amended Complaint. Unless otherwise admitted, Defendant denies any factual basis for which paragraph 3.1 may pertain, that any claim is proper and denies that Plaintiffs are entitled to any relief whatsoever.

25. Defendant admits venue is proper as alleged in paragraph 4.1 of the Amended Complaint. Unless otherwise admitted, Defendant denies any factual basis for which paragraph 4.1 may pertain, that any claim is proper and denies that Plaintiffs are entitled to any relief whatsoever.

26. Defendant admits the allegations in paragraph 5.1 of the Amended Complaint.

27. Defendant admits the allegations in paragraph 5.2 of the Amended Complaint.

28. Defendant admits the allegations in paragraph 5.3 of the Amended Complaint.

29. Defendant admits the allegations in paragraph 5.4 of the Amended Complaint.

30. With respect to paragraph 5.5 of the Amended Complaint, Defendant admits it acted as an employer with respect to Plaintiffs and properly paid its employees.  All allegations in paragraph 5.5 which are not specifically admitted are denied.

31. Paragraph 5.6 of the Amended Complaint does not contain any factual allegation for which a response is appropriate.  Unless otherwise admitted, Defendant denies any factual basis for which paragraph 5.6 may pertain, that any claim is proper, that any class is appropriate in this matter or that Plaintiffs are entitled to any relief whatsoever.  With limiting the generality of the above, Defendant denies that the purported class description is accurate or consistent with facts, and asserts that it is overly broad.

### Facts

32. With respect to the allegations in paragraph 6.1 of the Amended Complaint, Defendant admits it is a non-profit industrial firefighting company; that it is owned by its members; that it is, in part, funded by its members; that it is in the business of providing fire protection prevention, inspection, hazard mitigation, training, and firefighting support services; and that it has over 100 full-time employee firefighters.  All allegations in paragraph 6.1 which are not specifically admitted are denied.

33. With respect to paragraph 6.2 of the Amended Complaint, Defendant admits some of its firefighters serve or have served in the classifications stated; that each was a

salaried employee and received computed overtime and other pay; and that they were paid appropriately pursuant to the FLSA. All allegations in paragraph 6.2 which are not specifically admitted are denied.

34. With respect to paragraph 6.3 of the Amended Complaint, Defendant admits that Plaintiff Martinez was employed by Defendant from about May 1995 through April 2010 as a salaried employee in various positions and received computed overtime and other pay; and that Martinez was paid appropriately pursuant to the FLSA. All allegations in paragraph 6.2 which are not specifically admitted are denied.

35. With respect to the Affidavit referenced in paragraph 6.3 of the Amended Complaint, Defendant admits Plaintiff Martinez was employed by Defendant, was salaried and paid overtime and additional premiums for work outside of scheduled shifts. Further, Defendant objects to the affidavit as being conclusory and based on hearsay. Moreover, the affidavit is internally inconsistent with his pay that shows payment of a salary. All allegations in the Martinez Affidavit which are not specifically admitted are denied.

36. With respect to paragraph 6.4 of the Amended Complaint, Defendant admits that Plaintiff Lopez was employed by Defendant from approximately February 2004 through May 2011 as a salaried employee and received computed overtime and other pay; and was paid appropriately pursuant to the FLSA. All allegations in paragraph 6.4 which are not specifically admitted are denied.

37. With respect to paragraph 6.5 of the Amended Complaint, Defendant admits that Plaintiff Alvarez was employed by Defendant from approximately 1989 through April 2009 as a salaried employee and received computed overtime and other pay;

and was paid appropriately pursuant to the FLSA.  All allegations in paragraph 6.5 which are not specifically admitted are denied.

38. With respect to paragraph 6.6 of the Amended Complaint, Defendant admits that Plaintiff Cantu was employed by Defendant from approximately 2001 through August 2011 as a salaried employee and received computed overtime and other pay; and was paid appropriately pursuant to the FLSA.  All allegations in paragraph 6.6 which are not specifically admitted are denied.

39. With respect to paragraph 6.7 of the Amended Complaint, Defendant admits that Plaintiff Castillo was employed by Defendant from approximately May 2002 through September 2009 as a salaried employee and received computed overtime and other pay; and was paid appropriately pursuant to the FLSA.  All allegations in paragraph 6.7 which are not specifically admitted are denied.

40. With respect to paragraph 6.8 of the Amended Complaint, Defendant admits that Plaintiff Means was employed by Defendant from approximately June 2008 through January 2011 as a salaried employee and received computed overtime and other pay; and was paid appropriately pursuant to the FLSA.  All allegations in paragraph 6.8 which are not specifically admitted are denied.

41. With respect to paragraph 6.9 of the Amended Complaint, Defendant admits that Plaintiff Cruz was employed by Defendant from approximately August 2007 through July 2009 as a salaried employee and received computed overtime and other pay; and was paid appropriately pursuant to the FLSA.  All allegations in paragraph 6.9 which are not specifically admitted are denied.

42. With respect to paragraph 6.10 of the Amended Complaint, Defendant admits that Plaintiff Rives was employed by Defendant from approximately August 2009 through August 2010 as a salaried employee and received computed overtime and other pay; and was paid appropriately pursuant to the FLSA.  All allegations in paragraph 6.10 which are not specifically admitted are denied.

43. With respect to paragraph 6.11 of the Amended Complaint, Defendant admits that Plaintiff McDaniel was employed by Defendant from approximately August 2008 through July 2010 as a salaried employee and received computed overtime and other pay; and was paid appropriately pursuant to the FLSA.  All allegations in paragraph 6.11 which are not specifically admitted are denied.

44. With respect to paragraph 6.12 of the Amended Complaint, Defendant admits that Plaintiff Mitchell was employed by Defendant from approximately August 2008 through September 2011 as a salaried employee and received computed overtime and other pay; and was paid appropriately pursuant to the FLSA.  All allegations in paragraph 6.12 which are not specifically admitted are denied.

45. With respect to paragraph 6.13 of the Amended Complaint, Defendant admits that Plaintiff Salinas was employed by Defendant from approximately October 2007 through August 2010 as a salaried employee and received computed overtime and other pay; and was paid appropriately pursuant to the FLSA.  All allegations in paragraph 6.13 which are not specifically admitted are denied.

46. With respect to paragraph 6.14 of the Amended Complaint, Defendant admits that Plaintiff Serna was employed by Defendant from approximately August 2008 through May 2010 as a salaried employee and received computed overtime and other

pay; and was paid appropriately pursuant to the FLSA.  All allegations in paragraph 6.14 which are not specifically admitted are denied.

47. With respect to paragraph 6.15 of the Amended Complaint, Defendant admits that Plaintiff Hogue was employed by Defendant from approximately November 2004 through September 2009 as a salaried employee and received computed overtime and other pay; and was paid appropriately pursuant to the FLSA.  All allegations in paragraph 6.15 which are not specifically admitted are denied.

48. With respect to paragraph 6.16 of the Amended Complaint, Defendant admits that Plaintiff Lopez was employed by Defendant from approximately October 2007 through October 2010 as a salaried employee and received computed overtime and other pay; and was paid appropriately pursuant to the FLSA.  All allegations in paragraph 6.16 which are not specifically admitted are denied.

49. With respect to paragraph 6.17 of the Amended Complaint, Defendant admits that Plaintiff Torres was employed by Defendant from approximately October 2007 through November 2009 as a salaried employee and received computed overtime and other pay; and was paid appropriately pursuant to the FLSA.  All allegations in paragraph 6.17 which are not specifically admitted are denied.

50. With respect to paragraph 6.18 of the Amended Complaint, Defendant admits that Plaintiff Sendejo was employed by Defendant from approximately November 2007 through November 2009 as a salaried employee and received computed overtime and other pay; and was paid appropriately pursuant to the FLSA.  All allegations in paragraph 6.18 which are not specifically admitted are denied.

51. With respect to paragraph 6.19 of the Amended Complaint, Defendant admits that Plaintiff Bogue was employed by Defendant from approximately August 2010 through July 2011 as a salaried employee and received computed overtime and other pay; and was paid appropriately pursuant to the FLSA.  All allegations in paragraph 6.19 which are not specifically admitted are denied.

52. With respect to paragraph 6.20 of the Amended Complaint, Defendant admits that Plaintiff Lara was employed by Defendant from approximately September 2008 through September 2011 as a salaried employee and received computed overtime and other pay; and was paid appropriately pursuant to the FLSA.  All allegations in paragraph 6.20 which are not specifically admitted are denied.

53. With respect to paragraph 6.22 of the Amended Complaint, Defendant admits that it paid Plaintiffs a salary and additional compensation including appropriately computed overtime for hours worked in excess of 40 hours per workweek, and other compensation for work outside of their schedule, in accordance with the FLSA. All allegations in paragraph 6.22 which are not specifically admitted are denied.

54. With respect to paragraph 6.23 of the Amended Complaint, Defendant admits that Plaintiffs were required to be on-call from time to time and were required to respond within 30 to 45 minutes depending on their location, and received appropriate call-back/ reporting pay and compensation when required to report.  The failure to meet performance obligations was subject to appropriate discipline. All allegations in paragraph 6.23 which are not specifically admitted are denied.

55. Defendant can neither admit nor deny the allegations in paragraph 6.24 of the Amended Complaint because they are unduly vague and confusing. The Amended

Complaint covers various persons who served in different capacities.  Determining whether any person was exempt from overtime during any particular period requires an analysis of each individual's work duties and responsibilities during the applicable period.   In general, all persons performing in positions of senior firefighter level 2 or above were and are exempt from overtime requirements.  All allegations in paragraph 6.24 which are not specifically admitted are denied.

56. Paragraphs 6.25 through 6.30 do not contain any factual allegation for which a response is appropriate. The substance of these paragraphs are simply legal argument and not appropriate pleadings at all.  Defendant moves to strike all of paragraphs 6.25 and 6.30.  Unless otherwise admitted, Defendant denies any factual basis for which paragraphs 6.25 through 6.30 may pertain, that any claim is proper, that any class is appropriate in this matter or that Plaintiffs are entitled to any relief whatsoever.

### Causes of Action

### Failure to Pay Wages in Accordance with the Fair Labor Standards Act

57. Defendant denies the allegations in paragraph 7.1 of the Amended Complaint.

58. With respect to paragraph 7.2 of the Amended Complaint, Defendant admits that it believes and contends that it has paid its employees appropriately.  The remainder of paragraphs 7.2 does not contain any factual allegation for which a response is appropriate but instead, the substance of the remainder of this paragraph is simply legal argument and not appropriate pleadings at all.  Defendant moves to strike all of paragraph 7.2.  Unless otherwise admitted, Defendant denies any factual basis for

which paragraphs 7.2 pertains, that any claim is proper, that any class is appropriate in this matter or that Plaintiffs are entitled to any relief whatsoever.

## Collective Action Allegations

59. Paragraph 7.3 does not contain any factual allegations for which any responses were appropriate.   Unless otherwise admitted, Defendant denies any factual basis for which paragraph 7.3 may pertain, that any claim is proper, that a collective action is appropriate in this matter, or that Plaintiffs are entitled to any relief whatsoever.

60. Defendant denies the allegations in paragraphs 7.4 through 7.7 of the Amended Complaint.   Without limiting the generality of the foregoing denials, Defendant specifically denies that the purported definition of the class is appropriate, legal, or meets the standard for collective actions. Defendant further denies that there is an appropriate showing of interest sufficient to designate any collective action. For example, and without limitation, at various times various Plaintiffs and alleged potential collective action members were exempt from any overtime, even though they were paid addition sums. Further, to the extent any on-call claim is asserted, it will require a review of each individual circumstance.   No collective action is appropriate.   Further, Plaintiffs seek to assert an action well beyond any applicable limitations period.[1]

## Accounting

61. Defendant denies the allegations in paragraphs 8.1 of the Amended Complaint. Defendant further denies that Plaintiffs are entitled to any relief whatsoever at law or in equity.

---

[1] Defendant's general objections stated herein in no way are intended as all encompassing or a limitation on additional reasons for opposing any collective certification.

62. With respect to paragraph 8.2 of the Amended Complaint, Defendant admits it kept appropriate records of hours worked and amounts paid.  All allegations in paragraph 8.2 which are not specifically admitted are denied.  Defendant further denies that Plaintiffs are entitled to any relief whatsoever at law or in equity.

63. Defendant denies the allegations in paragraph 8.3 of the Amended Complaint. Defendant further denies that Plaintiffs are entitled to any relief whatsoever in law or in equity.

## Relief Sought

64. With respect to Plaintiffs' "relief sought" set forth in paragraph 9.1, including all sub-paragraphs thereto, Defendant denies that there is any factual basis for the claims or that Plaintiffs are entitled to any relief at law or in equity.  All allegations in Plaintiffs' prayer for relief which are not specifically admitted are denied.

## IV.  AFFIRMATIVE DEFENSES

1. Plaintiffs' claims against Defendant are barred in whole or in part by limitations.

2. All actions regarding the subject matter alleged in the causes of action, and each of them, were undertaken in good faith, with the absence of malicious intent to injure Plaintiffs or any person on whose behalf this action is being prosecuted and were lawful and proper.

3. To the extent that any overtime is due, Defendant is entitled to offset all amounts paid at premium pay for work outside their scheduled shifts.

4. Plaintiffs are estopped from denying the method of payment used.

5. Plaintiffs' claims are barred to the extent that the time for which compensation is sought is de minimis and therefore not compensable.

6.       Plaintiffs' claims are barred and Defendant is entitled to offset to the extent they involve time during which they were engaged (i) in walking, riding or traveling to and from the actual place(s) they performed the principal activities they performed, or (ii) in activities which were preliminary or postliminary to their principal activities.

7.       Plaintiffs' claims are barred to the extent they seek compensation for periods excluded under the Portal-to-Portal Act.

8.       Plaintiffs' claims are barred for any periods in which their duties qualified as exempt under the FLSA.

9.       Defendant may exclude from any computed base rate all premium payments or portions thereof for non-work premiums, call-back or reporting pay and premium payments for work outside of Plaintiffs' scheduled shift.

10.     Plaintiffs are estopped from denying their understanding to be paid a salary for all hours worked.

## V.  PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant prays that this Court dismiss Plaintiffs' FLSA claims that are barred by limitations and Plaintiffs' on call allegations, and further prays that Plaintiffs take nothing and that Defendant recover its costs and fees herein expended, and that Defendant be granted all other relief to which it may show itself to be entitled.

Respectfully submitted,

BRANSCOMB | PC
802 North Carancahua, Suite 1900
Corpus Christi, Texas  78470-0700
Telephone:  (361) 888-9261

Facsimile:     (361) 888-8504


By:   /s/ Keith B. Sieczkowski
        Keith B. Sieczkowski
        Attorney in Charge
        TSB # 18341650
        Fed. I.D. #  7118


ATTORNEYS FOR DEFENDANT
REFINERY TERMINAL FIRE COMPANY


## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document *Defendant's Motion to Dismiss Pursuant to Rule 12(b) For Failure to State a Claim and Original Answer Subject Thereto* was forwarded to counsel of record via ECF in accordance with the Local and FED.R.CIV.P. on this  8th  day of November, 2011.

Craig M. Sico
Roger S. Braugh, Jr.
SICO, WHITE, HOELSCHER & BRAUGH LLP
802 N. Carancahua, Suite 900
Corpus Christi, Texas  78401


     /s/ Keith B. Sieczkowski
     Keith B. Sieczkowski