IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JOE DALE MARITNEZ AND § | | |
| FIDENCIO LOPEZ, JR. Individually § | | |
| And on behalf of all others similarly § | | |
| Situated; § | | |
| § | | |
| v. § | Civil Action No. 2:11-cv-295 | |
| § | | |
| REFINERY TERMINAL FIRE § | JURY TRIAL DEMAND | |
| COMPANY § | | |
| § | COLLECTIVE ACTION | |
| § | PURSUANT TO 29 2.S.C.§216(b) | |

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS
PURSUANT TO RULE 12(b) FOR FAILURE TO STATE A CLAIM**

ON THIS DAY CAME ON TO BE CONSIDERED Defendant's Motion to Dismiss Pursuant to Rule 12(b) for Failure to State a Claim with respect to limitations and on-call time.

After considering the merits of the Motion, the Court finds that the applicable limitations period for claims under the Fair Labor Standards Act (FLSA) is two years.  Therefore, all allegations or claims relating to conduct or pay more than two years prior to the date of filing of this suit are barred by limitations and are accordingly dismissed.

The Court further finds that Plaintiffs have failed to state a claim for on-call time.  The only obligation alleged by Plaintiffs during on-call time is the requirement to respond within 30 minutes notice.  The Fifth Circuit has repeatedly held that such a limitation does not amount to working time for compensation purposes.  Accordingly, Plaintiffs' allegation for compensation for on-call time is dismissed for failure to state a claim.  Alternatively, judgment is entered in favor of Defendant on the pleadings pursuant to Rule 12(c).

It is THEREFORE ORDERED that all claims against Defendant Refinery Terminal Fire Company for alleged pay violations occurring more than two years prior to the filing of the

Complaint, and all claims for on-call payments, be and hereby are, DISMISSED from this lawsuit WITH PREJUDICE.

SIGNED AND ENTERED this _____ day of _____, 2011.

_____
UNITED STATES DISTRICT JUDGE