## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| **JOE DALE MARTINEZ AND**<br>**FIDENCIO LOPEZ, JR., Individually**<br>**and on behalf of all others similarly**<br>**situated;** | § § § § § § § § | |
| *Plaintiffs*, | § § | |
| **v.** | § § | **Civil Action No. 2:11-cv-295** |
| **REFINERY TERMINAL FIRE**<br>**COMPANY** | § § § § | |
| *Defendant* | § § | |

### JOINT DISCOVERY / CASE MANAGEMENT PLAN
### PURSUANT TO RULE 26(f) FEDERAL RULES OF CIVIL PROCEDURE

1.  **State when the Rule 26 Conference of the parties was held and identify the counsel who attended for each party.**

    The conference was held on November 29, 2011.  Clif Alexander and Stuart White attended on behalf of the Plaintiffs.

    Keith Sieczkowski attended on behalf of Defendant Refinery Terminal Fire Company.

2.  **List any cases related to the present action that are pending in any state or federal court, with the style, case number, court, and a brief description of the case.**

    None.

3.  **Briefly describe the pertinent facts and legal theories upon which the present action is based.**

    Plaintiffs' Contentions:

    This is a collective action to recover overtime wages brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et. seq*.

    The Potential Class Members are those persons currently or formerly employed by Defendant RTFC as firefighters at the Main Station located at 4802 Up River Road and the Training Academy located at 3920 Carbon Plant Road, both of

which are in Corpus Christi, Nueces County, Texas, the Flint Hills Resources in-plant station located at 4241 Savannah Avenue in Port Arthur, Jefferson County, Texas, and/or the LyondellBasell in-plant station formerly located at Chocolate Bayou, Brazoria County, Texas[1], and who worked in excess of forty (40) hours per workweek.

Defendant RTFC failed to pay the Plaintiffs and Potential Class Members in accordance with the FLSA. Specifically, the Plaintiffs and Potential Class Members were not paid time and a half of their regular hourly rate of pay for all hours worked in excess of forty (40) hours per workweek. The Plaintiffs and Potential Class Members were also required to perform "additional time worked" (hereinafter "ATW") over and above forty (40) hours per workweek for which they did not receive full compensation pursuant to the FLSA. Further, the Plaintiffs and Potential Class Members were required to be "on-call" for twenty-four (24) hours at a time but would not receive full compensation pursuant to the FLSA for all hours worked in excess of forty (40) hours per workweek. The Plaintiffs and Potential Class Members did not and currently do not perform work that meets the definition of exempt work under the FLSA.

<u>Defendant's Contentions:</u>

Defendant denies that any overtime is due or that the proposed class is appropriate.

With respect to the proposed class, it includes persons beyond the statute of limitations under the FLSA. Additionally, it includes individuals who were exempt from overtime requirements; specifically, Captains and Senior Firefighter Twos. Both of these classes of employees were paid a bona fide salary and performed exempt duties. The fact that they were paid additional sums, including overtime, does not vitiate the exemption.

Defendant also disagrees that overtime is due, the employees were paid according to applicable provisions of the FLSA which included payment of computed overtime. Further, to the extent that any payments may be otherwise due, Defendant is entitled to offset such amounts based on applicable provisions of the FLSA as premium payments.

Defendant also denies that any appropriate claim has been made under applicable standards for on-call time, or that such time constitutes hours of work at all.

Defendant also denies that any potential violation was willful.

---

[1] The LyondellBasell Chocolate Bayou in-plant station closed in mid-2011.

4.  **Specify the allegation of federal jurisdiction.   Indicate whether the parties agree  or disagree to the allegation.   If the parties disagree, indicate the nature of the  disagreement.**

This is a collective action to recover overtime wages brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et. seq.*

The parties agree as to this allegation of federal jurisdiction.

5.  **List any additional parties that may be included, when they can be added, and which party desires to bring them into the litigation.**

Plaintiffs:

Current and former employees of the Refinery Terminal Fire Company will be added throughout the pendency of this litigation as each Consent form is received by our office and filed with this Court pursuant to 29 U.S.C. § 216(b).

Defendant:

Subject to Defendant's objections to the class designation, Defendant agrees that other members of the collective class may join this suit.

6.  **List any anticipated interventions.**

Plaintiffs:

Current and former employees of the Refinery Terminal Fire Company will be added throughout the pendency of this litigation as each Consent form is received by our office and filed with this Court pursuant to 29 U.S.C. § 216(b).

Defendant:

There are no anticipated interventions.

7.  **If this is a class action, describe any issues regarding certification of the class.**

Although this is not a class action, but a collective action pursuant to 29 U.S.C. § 216(b), there are some issues similar to a class action that must be addressed; such as, the appropriate designation of the potential collective members, the structure of the notice to the potential members, the delivery to the potential members and the deadline in which to respond.

8.  **State whether each party represents that it has made the initial disclosures required by Rule 26(a).   If not, describe the arrangements that have been made to complete the disclosures.**

All parties will file their Initial Disclosures within the time period prescribed by Rule 26(a).

9.      **Describe the proposed discovery plan the parties have agreed upon, including:**

   A.   **Responses to all the matters raised in Rule 26(f).**

        None at this time.

   B.   **When and to whom Plaintiffs anticipate sending interrogatories.**

        Plaintiffs anticipate sending interrogatories to RTFC management personnel and the corporate representatives of its member institutions, including but not limited to, the following:

        1. Calpine Corporation
        2. CITGO-Corpus Christi Refinery
        3. Diamond Shamrock-Corpus Christi Facility
        4. Elementis Chromium LP
        5. Elementis Chromium
        6. Lyondell Chemical-Corpus Christi Plant
        7. Lyondell Corpus Christi
        8. El Paso Corporation
        9. Koch Pipeline Co., LP
        10. Flint Hills Resources
        11. Flint Hills Resources-East
        12. Flint Hills Resources-West
        13. Port of Corpus Christi Authority
        14. Valero Marketing & Supply
        15. Valero Refining-Corpus Christi
        16. Valero Refining
        17. Mark West-Javelina, Inc.
        18. NuStar Logistics, LP
        19. Martin Midstream Partners
        20. Air Products.

   C.   **When and to whom Defendant(s) anticipate(s) sending interrogatories.**

        Defendant may send interrogatories to former and current members as appropriate.

   D.   **When and from whom Plaintiff(s) anticipate(s) taking oral depositions.**

        Plaintiffs anticipate taking oral depositions of various current and former employees and management personnel employed by the Refinery Terminal Fire Company who worked at the Main Station and Training Academy located in Corpus Christi, Nueces County, Texas, the Flint Hills Resources in-plant station located in Port Arthur, Jefferson County, Texas, and/or the LyondellBasell in-plant station formerly located at Chocolate Bayou, Brazoria County, Texas.

Plaintiffs also anticipate taking the oral depositions of the corporate representatives of RTFC's member institutions, including but not limited to, the following:

1. Calpine Corporation
2. CITGO-Corpus Christi Refinery
3. Diamond Shamrock-Corpus Christi Facility
4. Elementis Chromium LP
5. Elementis Chromium
6. Lyondell Chemical-Corpus Christi Plant
7. Lyondell Corpus Christi
8. El Paso Corporation
9. Koch Pipeline Co., LP
10. Flint Hills Resources
11. Flint Hills Resources-East
12. Flint Hills Resources-West
13. Port of Corpus Christi Authority
14. Valero Marketing & Supply
15. Valero Refining-Corpus Christi
16. Valero Refining
17. Mark West-Javelina, Inc.
18. NuStar Logistics, LP
19. Martin Midstream Partners
20. Air Products.

**E.     When and from whom Defendant(s) anticipate(s) taking oral depositions.**

Defendant anticipates taking the depositions of current and former Captains and Senior Firefighter Twos claiming non-exempt status, as well as current and former members.

**F.     When Plaintiff(s) (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.**

Plaintiffs will be in a position to designate experts prior to the anticipated completion date for discovery (assuming Plaintiffs have received documents responsive to Plaintiffs' discovery and have deposed the appropriate Refinery Terminal Fire Company management and corporate representatives).

Plaintiffs propose a tentative deadline of May 1, 2012 for the designation of its experts, and June 1, 2012 for the designation of Defendant's experts.

**G.     List expert depositions Plaintiff(s) (or the party or parties with the burden of proof on an issue) anticipate(s) taking and their anticipated completion date.**

Plaintiffs anticipate taking the depositions of Defendant's expert(s) prior to the anticipated completion date for discovery.

**H.    List expert depositions the opposing party or parties anticipate(s) taking and their anticipated completion date.**

Defendant anticipates taking the depositions of Plaintiffs' expert(s) prior to the anticipated completion date for discovery.

10.    **If the parties do not agree on a part of the discovery plan, describe the separate views and proposals of each party.**

None at this time.

11.    **Specify the discovery, beyond initial disclosures, that has been undertaken to date.**

Plaintiffs:

Plaintiffs filed their First Set of Requests for Production on November 30, 2011.

Defendant:

Defendant has not completed any discovery to date.

12.    **State the date the planned discovery can reasonably be completed.**

Discovery can be reasonably completed by September 1, 2012.

13.    **Describe the possibilities for a prompt settlement or resolution of the case that were discussed in the Rule 26 Conference, including the suitability of this case for mediation or other alternative dispute resolution.  Include the anticipated date for the provision of a settlement demand by any party seeking affirmative relief.**

The parties agree that mediation should be conducted after both parties have completed initial discovery.

14.    **If all parties consent, a Federal Magistrate Judge may hear both jury and non-jury trials.  Indicate whether or not all parties consent to a trial before a Magistrate Judge.  (YES/NO)**

All parties do not consent.

15. **State whether a jury demand has been made, and if so, whether it was made on time.**

A jury demand was made with Plaintiffs' Original Collective Action Complaint (Doc. 1) filed on September 9, 2011.

16. **Specify the combined total number of hours it will take both parties to present the evidence in this case.**

All parties believe this case can be tried in one (1) week and that it will take approximately 40 hours to try.

17. **List pending motions that could be ruled on at the Initial Pretrial Conference.**

Plaintiffs:

Plaintiffs' Response to Defendant's Motion to Dismiss.

Defendant:

Defendant's Motion to Dismiss.

18. **List other pending motions.**

None at this time.

19. **Indicate other matters peculiar to this case—including discovery—that deserve the special attention of the Court at the Initial Pretrial Conference.**

Plaintiffs:

None at this time.

Defendant:

Discovery related to the proper designation of the potential class membership.

20. **Certify that all parties have filed Certificates of Interested Parties—as directed in the Order of Conference and Disclosure of Interested Parties—listing the date of filing for the originals and any amendments to the Certificates.**

Plaintiffs:

Certificate of Interested Parties (Doc. No. 7) filed on September 27, 2011.

Defendant:

Certificate of Interested Parties (Doc. No. 9) filed on October 18, 2011.

21. **List the names, bar numbers, addresses, telephone numbers, facsimile numbers, and electronic mail addresses of all counsel and <u>pro</u> <u>se</u> parties.**

<u>Attorneys for Plaintiffs</u>:

Craig M. Sico
Federal I.D. No. 13540
Texas Bar No. 18339850
csico@swbtrial.com

Roger S. Braugh, Jr.
Federal I.D. No. 21326
Texas Bar No. 00796244
rbraugh@swbtrial.com

Clif Alexander
Federal I.D. No. 1138436
Texas Bar No. 24064805
calexander@swbtrial.com

Stuart R. White
Federal I.D. No. 1144883
Texas Bar No. 24075268
swhite@swbtrial.com

Sico, White, Hoelscher & Braugh, L.L.P
802 N. Carancahua, Suite 900
Corpus Christi, Texas 78401
Telephone: 361/653-3300
Facsimile: 361/653-3333

Jerry Guerra
Federal I.D. No. 18166
Texas Bar No. 00789326
jguerra@hgblawfirm.com

Huerta Guerra Beam, PLLC
924 Leopard Street
Corpus Christi, Texas 78401
Telephone: 361/884-1632
Facsimile: 361/884-7013

<u>Attorneys for Defendant</u>:

Keith B. Sieczkowski
Federal I.D. No. 7118
Texas Bar No. 18342650
ksieczkowski@branscombpc.com

BRANSCOMB | PC
802 North Carancahua, Suite 1900
Corpus Christi, Texas 78401
Telephone: 361 / 888-9261
Facsimile: 361 / 888-8504

*By each of our signatures below, Counsel represent that each understands that the Court will rely on these representations in entering its Scheduling Order.*

| | |
|---|---|
| ____/s/ Craig M. Sico_____ | 11/30/11_____ |
| Counsel for Plaintiffs | Date |

| | |
|---|---|
| __/s/ Keith B. Sieczkowski___ | 11/30/11_____ |
| Counsel for Defendant | Date |

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this 30th day of November, 2011, a true and correct copy of the above and foregoing document was served upon the following counsel of record via the Court's electronic filing system in accordance with the Federal Rules of Civil Procedure.

Keith B. Sieczkowski
BRANSCOMB | PC
802 North Carancahua, Suite 1900
Corpus Christi, Texas 78401


_____/s/ Craig M. Sico_____
Craig M. Sico