IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JOE DALE MARITNEZ AND FIDENCIO LOPEZ, JR. Individually And on behalf of all others similarly Situated; | § § § § § | |
| v. | § § | Civil Action No. 2:11-cv-295 |
| REFINERY TERMINAL FIRE COMPANY | § § § § | JURY TRIAL DEMAND<br><br>COLLECTIVE ACTION PURSUANT TO 29 2.S.C.§216(b) |

**DEFENDANT'S RESPONSE TO MOTION FOR CERTIFICATION OF COLLECTIVE ACTION AND REQUEST FOR NOTICE TO POTENTIAL PLAINTIFFS**

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Defendant, Refinery Terminal Fire Company, and files its Response to Motion for Certification of Collective Action and Request for Notice to Potential Plaintiffs, and would respectfully show this Court as follows:

### I.   Summary of Response and Objections

1. Plaintiffs who have appeared in the matter are all former employees of Defendant. The substance of their claims is that they were not paid proper overtime and were not paid while on call, although they were not performing any work duties at all. Plaintiffs have asked this Court for certification of a proposed collective group of plaintiffs and for the Court to send certain notice to the potential plaintiffs to join the litigation. Plaintiffs also seek production of certain information to send the notices.

2. Without waiving any of its defenses and objection, and without admitting any violation of any law has occurred or that any of the facts alleged in Plaintiffs' affidavits are true or correct, Defendant does not contest that the Plaintiffs have made a minimal of showing for notice to potential collective action members pursuant to 29 U.S.C. § 216(b). However, Defendant does object to the proposed notices to be sent to the potential members and other information sought by Plaintiffs.

## II. Objections and Proposed Alternate Notice

A. <u>Objection to Request for Information.</u>

3. Defendant also objects to the request for information for notice. In paragraph 5.3 of the Motion, Plaintiffs submit that they do not have the names and address of the possible members of the collective action. Then, Plaintiffs request not only names and addresses, from which proper notice may be made, but also seek emails, private home and cell phone numbers, and job titles. Plaintiff's request is overly broad and not necessary for the purported purpose of providing notice.

4. Initially, Defendant has produced a listing of all potential collective action members by name. Further, Defendant is neither required to manufacture information or provide any information that is not already in its record. Defendant does not maintain records of individual email addresses.

5. "Email addresses and phone numbers may not be as sensitive as social security numbers, but their release also carries privacy concerns and that information is not crucial to providing notification." *Blakes v Illinois Bell Tele. Co.*, 2011 WL 2446598, *7 (N.D. Ill. 2011) (limiting information for opt-in notice to only names and addresses).

6. This case is already well publicized. When the suit was filed, Plaintiffs' counsel was interviewed on local television announcing the nature of the suit and on whose behalf the suit was being sought. Further, counsel has held barbeques for potential collective action members and solicitation for attendance was sought through named Plaintiffs. The fact that there are scores of persons who have consented to representation in this action without any notice from the Court, is indicative of the success of the solicitation campaign.

7. As Plaintiffs have already been provided the names, the addresses on record are sufficient to provide notice to the employees directly. This would allow the employees to receive the information and consider their options independent of any further or continued solicitation or outside influence from others. There is no reasonable basis or need for violating the privacy of Defendant's employees by providing private home and cell phone numbers other than for the purpose to attempt to influence their decision making.

8. This matter was filed on September 9, 2011. Although Defendant vigorously contests the substance of Plaintiffs' allegations, that any violation occurred and, if so, that any violation was willful, the statute of limitations for any possible action is three years. 29 USC § 255(a). Consequently, notice should be limited to only those individuals who served in the capacity of a firefighter below the level of Chief prior to September 9, 2008.[1] However, Plaintiffs' Motion and request is internal inconsistent. *Compare* Motion for Certification at ¶ 4.19 (notice to only those employed "beginning three years prior to the filing of the Original Complaint through the present") *with* ¶ 5.2 (notice to all employed "from 2008 through the present"). The Court should limit notice to only those with potential claims within the applicable limitations period, e.g., those persons who have been employed by Defendant within 3 years of the Notice being sent.

---

[1] Defendant does not waive its objection to inclusion of Captains and Senior Firefighter 2s in the collective action group. However, pursuant to case law from this District, this is a matter for subsequent motion for disqualification

9. Defendant also objects because the proposed notice fails to provide any information relating to Defendant's position. Defendant requests that the following be inserted as the second paragraph to the proposed notice to potential Plaintiffs.

> RTFC has denied that it improperly paid any of its employees, and disputes that any amounts are due under the FLSA.

10. Defendant objects to all of the proposed NOTICE TO POTENTIAL PLAINTIFFS from the end of the second sentence of the second paragraph through the penultimate paragraph that begins "This notices is for the sole purpose . . ." As drafted, the NOTICE operates to solicit representation by and through current Plaintiffs' counsel rather than being a neutral notification of the present action and allowing the potential members to evaluate their options independently. Combined with the other proposed attachments, a person could easily feel compelled to execute the documents and accept the proffered representation of Plaintiffs' current counsel because of the Court's tacit endorsement, rather than an independent review and consideration. Further, the proposed form is inaccurate in various respects.

11. For example, while it is likely advisable for individuals proceed with appropriate counsel, every individual has the option of proceeding without counsel, assuming they wish to proceed at all. The form forecloses such a possibility by indicating that consent to join this suit may only be through an attorney. Proposed Notice to Potential Plaintiffs, p.2.

---

and/or summary judgment. *Foraker v. Highpoint Sw., Servs., L.P.*, 2006 WL 2585047, *4 n. 6 (S.D. Tex. Sept.7, 2006).

{C0623847.DOCX:1} 4

12. The proposed NOTICE also specifically encourages the use of the CONSENT form attached, which is only for representation by and through current counsel, and which also indicates information has been disclosed and accepted which is not contained in any of the information provided. In particular, the form indicates that the person accepts the terms of representation by Plaintiffs' counsel without any of the terms being provided in the Notice. Plaintiffs have alleged that they are "unsophisticated". Amended Complaint, ¶ 6.29. Consequently, all efforts should be avoided that could cause any person to unwittingly execute any notice without full disclosure and understanding. Nor should any notice provide any tacit endorsement of any action or counsel.

13. In addition, the second full paragraph on the second page of the proposed Notice contains the following: "Any such relief would be obtained by you only if you proceeded by bringing an independent action within the time provided by law." While the initial portion of the paragraph appears to be to inform the individual that if he does not join the suit he will not be entitled to any benefits of any judgment or settlement obtained, the remainder inaccurately reflects options that may be available, and attempts to encourage litigation. The sentence should be deleted.

14. Defendant objects to all of the form designated as "CONSENT TO BECOME PARTY PLAINTIFF". The form is not universal in nature and purports to encourage representation with current counsel. The Notice from the Court should remain neutral in this regard. The form is really an agreement and understanding between current counsel and the potential plaintiff which should not be included in the Notice from the Court. By its nature, and in consideration of the manner of service and the fact that this is being sent under the authority of the Court, the form amounts to an endorsement of current counsel. Further, a person could easily unwittingly believe he must execute the CONSENT TO BECOME PARTY PLAINTIFF form even though the conditions stated in the form have not been met and/or the individual wishes other counsel. The entire form should be deleted.

15. Defendant further objects to the CONSENT TO BECOME PARTY PLAINTIFF form because it suggests that "named-Plaintiff Joe Dale Martinez" is the "representative plaintiff" for the entire collective group. No collective representative has been designated by the Court.

16. Defendant also objects to the NOTICE OF CONSENT form. This form is intended to be included in the Notice provided by the Court. The form, however, does not allow for alteration or for the individual to make a choice of counsel or representation other than current Plaintiffs' counsel. The NOTICE OF CONSENT should not appear to endorse any counsel or otherwise restrict a potential claimant's right to proceed in any manner allowed by law, including with different counsel or pro se.

17. Attached hereto for consideration are modified Notice and Consent forms.

WHEREFORE, premises considered, Defendant requests that Plaintiffs' request for information be denied to the extent that it seeks information other than addresses and names of persons within the applicable limitations period, that the Court sustain Defendant's objections to the proposed Notice to Potential Plaintiffs, Consent to Become a Party Plaintiff, and the Notice of Consent, that the proposed Notice to Potential Plaintiffs, Consent to Become a Party Plaintiff, and the Notice of Consent be modified to meet Defendant's objections, and that Defendant be granted such other and further relief to which it may be entitled.

Respectfully submitted,

BRANSCOMB | PC
802 North Carancahua, Suite 1900
Corpus Christi, Texas 78470-0700
Telephone: (361) 888-9261
Facsimile: (361) 888-8504

By: /s/ Keith B. Sieczkowski
    Keith B. Sieczkowski
    Attorney in Charge
    TSB # 18341650
    Fed. I.D. # 7118

ATTORNEYS FOR DEFENDANT
REFINERY TERMINAL FIRE COMPANY

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was forwarded to counsel of record as indicated below on this 9th day of January, 2012.

Craig M. Sico  *Via Facsimile : 653-3333*
Roger S. Braugh, Jr.
SICO, WHITE, HOELSCHER & BRAUGH LLP
802 N. Carancahua, Suite 900
Corpus Christi, Texas  78401

                                                /s/ Keith B. Sieczkowski
                                                Keith B. Sieczkowski