**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| **JOE DALE MARTINEZ AND FIDENCIO LOPEZ, JR., Individually and on behalf of all others similarly situated;** | § § § § § § § § | |
| *Plaintiffs*, | § § | |
| **v.** | § § | **Civil Action No. 2:11-cv-295** |
| **REFINERY TERMINAL FIRE COMPANY** | § § § § § | |
| *Defendant* | § § | |

**PLAINTIFFS' REPLY TO DEFENDANT'S RESPONSE TO MOTION FOR
CERTIFICATION OF COLLECTIVE ACTION AND REQUEST FOR NOTICE TO
POTENTIAL PLAINTIFFS PURSUANT TO SECTION 216(b)**

Plaintiffs, Joe Dale Martinez, Fidencio Lopez, Jr., Diana Alvarez, David Cantu, Jesse Castillo, Gordon Means, Thomas Cruz, Matthew Rives, Jacob McDaniel, Matthew Lynn Mitchell, Gabriel Salinas, Justin Serna, Steven Hogue, Arturo Lopez, Marcos Torres, Steven Sendejo, Cody Bogue, and Ura Lara, III, Individually and on behalf of all others similarly situated, ("Plaintiffs"), file this Reply to Defendant Refinery Terminal Fire Company's ("RTFC") Response to Motion for Certification of Collective Action and Request for Notice to Potential Plaintiffs, and would show the Court as follows:

## I. SUMMARY OF REPLY AND OBJECTIONS

1.1    Plaintiffs' proposed notice to be sent to potential plaintiffs is universal in nature and necessary to inform potential plaintiffs of their rights with regard to the present litigation.

1.2     Plaintiffs vehemently object to Defendant RTFC's unfounded allegations of solicitation of potential plaintiffs.  This repetitive allegation is a false and transparent attempt to cast Plaintiffs' counsel in a poor light with the Court.

## II.     REPLY

2.1     Plaintiffs' proposal for court approved notice to the potential opt-ins is "timely, accurate, and informative" as required.  *Hoffman-LaRoche*, 493 U.S. 165, 172; Ex. 12, 110 S.Ct. 482, 107 L.Ed. 480 (1989).  It provides notice of the pendency of the action and of the opportunity to opt-in.  *Id*.  Plaintiffs' legal claims are accurately described.  *Id*. Potential opt-ins are advised that they are not required to participate, and the proposed Notice provides clear instructions for how to opt-in and accurately states the prohibition against retaliation or discrimination for participation in an FLSA action.[1]  *Id*.

2.2     Defendant RTFC's proposed "neutral" Notice of Consent form will create a number of problems.  Plaintiffs' counsel currently represents forty-two (42) current and/or former employees.  Additional current and/or former employees may opt-in that are not properly represented and who are unfamiliar with federal procedure and will be unable to adequately protect their rights.   Plaintiffs who are currently represented may be put in the inequitable position of paying the fees and costs for pro se plaintiffs who will have no obligation to pay the same fees and costs, unless the Court orders them to do so.  Ultimately, the Court will be forced to manage this, which will lead to unnecessary expense and delay on behalf of Plaintiffs already represented by counsel.  The better method, and the one which is commonly preferred by courts, is to inform potential plaintiffs that they are not required to have Plaintiffs' counsel represent them, but by opting-in to the present litigation they will be bound by the same fee and cost agreements as those Plaintiffs already represented by present counsel.

---

[1] *See also* FLSA, 29 U.S.C. § 215 (a)(3); *Reich v. Davis*, 50 F.3d 962 (11th Cir. 1995).

As such, Plaintiffs agree to amend the original proposed Notice of Consent to reflect such.

2.3     In Paragraphs 3, 4, 5 and 7 of the response, Defendant RTFC states that it has produced a listing of all potential collective action members by name and "the addresses on record are sufficient to provide notice to the employees directly."   In reality, Defendant RTFC has produced in excess of 3,000 pages of payroll records from which they expect Plaintiffs' counsel to extract each potential opt-in plaintiff.  Further, Defendant RTFC relies on *Blakes v. Illinois Bell Tele. Co.* for the proposition that "email addresses and phone numbers may not be as sensitive as social security numbers, but their release also carries privacy concerns and that information is not crucial to providing notice." 2011 WL 2446598, *7 (N.D. Ill. 2011) (limiting information for opt-in notice to only names and addresses).   *Blakes* is not binding authority and should be ignored by this Court.  This Court need only look to a recent ruling by Judge Janis Graham Jack in this District for guidance on this issue – *Tolentino v. C & J Spec-Rent Servs., Inc.*, 716 F.Supp.2d 642, 655-656 (S.D. Tex. 2010) (Defendant ordered to produce in a usable electronic format the names, addresses, phone numbers, and e-mail addresses of all potential opt-in plaintiffs).

2.4     The object of sending notice is to reach ALL potential plaintiffs to ensure they know about the suit and have the opportunity to opt-in for the orderly administration of justice.  It is likely many potential plaintiffs have different addresses than those on file with Defendant RTFC.  The more contact information that is provided (e.g., email addresses and phone numbers), the easier it will be for Plaintiffs' counsel to find ALL the potential plaintiffs and make sure they receive expedited notice of the suit.  Conversely, the less information provided to Plaintiffs' counsel the more difficult that process will be.  In anticipation of such difficulty, Plaintiffs request that this Court toll

the statute of limitations for any potential plaintiff whose Notice of Consent is returned as undeliverable in order to provide Plaintiffs' counsel further opportunity to contact them.  Accordingly, the Court should order Defendant RTFC to produce a computer-readable file containing the names, addresses, e-mail addresses (if available) and home telephone and cell phone numbers of all "salaried non-exempt" employees that performed duties similar to those performed by Plaintiffs and who were denied overtime pay for hours worked over forty (40) per week from September 9, 2008 through the present.

2.5     In Paragraphs 6 and 7 of the response, Defendant RTFC complains that Plaintiffs' counsel has "held barbeques for collective action members" and "solicitation for attendance was sought through named Plaintiffs."  Defendant RTFC further alleges, "the fact that there are scores of persons who have consented to representation in this action without any notice from the Court, is indicative of the success of the solicitation campaign."  These allegations are utterly false and lack any foundation whatsoever. Plaintiffs' counsel has not solicited named Plaintiffs or potential plaintiffs in any way and demands that Defendant RTFC provide evidence of such.  *See* Affidavit of Craig M. Sico, attached hereto as Exhibit "A" and incorporated as if set out fully herein.

2.6     It is entirely possible that current Plaintiffs have told other current and former employees about the case and let them know how they can join the present lawsuit.  Any allegation of solicitation on behalf of Plaintiffs' counsel is completely baseless and should be dismissed in its entirety as the shameless act of a desperate defendant.

2.7     Attached hereto for consideration are modified Notice and Consent forms. *See* Exhibit "B"-Notice and Consent forms and incorporated as if set out fully herein.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs request that this Court overrule Defendant RTFC's objections to the proposed Notice to Potential Plaintiffs and the Notice of Consent, that this Court authorize Plaintiffs' modified proposed Notice to Potential Plaintiffs and the Notice of Consent, that Defendant RTFC be required to demonstrate strict proof of its allegations of solicitation of potential plaintiffs, and that Plaintiffs be granted such other and further relief to which they may be justly entitled.

Respectfully submitted,

By:        /s/ _Craig M. Sico_
Craig M. Sico
State Bar No. 18339850
Federal I.D. No. 13540
SICO, WHITE, HOELSCHER & BRAUGH L.L.P.
900 Frost Bank Plaza
802 N. Carancahua
Corpus Christi, Texas 78401
Telephone:  361-653-3300
Facsimile:  361-653-3333

**ATTORNEY IN CHARGE FOR PLAINTIFFS**

OF COUNSEL:

Roger S. Braugh, Jr.
Federal I. D. No. 21326
Texas Bar No. 00796244
Clif Alexander
Federal I.D. No. 1138436
Texas Bar No. 24064805
Stuart R. White
Texas Bar No. 24075268
SICO, WHITE, HOELSCHER & BRAUGH, L.L.P.
802 N. Carancahua, Suite 900
Corpus Christi, Texas 78401
Telephone: 361/653-3300
Facsimile: 361/653-3333

Jerry Guerra
Federal I.D. No. 18166
Texas Bar No. 00789326
HUERTA GUERRA BEAM, PLLC
924 Leopard Street
Corpus Christi, Texas 78401
Telephone: 361/884-1632
Facsimile: 361/884-7013

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 19th day of January 2012, a true and correct copy of the above and foregoing document was served upon the following counsel of record via the Court's electronic filing system in accordance with the Federal Rules of Civil Procedure.

/s/ Craig M. Sico

Craig M. Sico

Keith B. Sieczkowski
BRANSCOMB | PC
802 North Carancahua, Suite 1900
Corpus Christi, Texas 78401