IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JOE DALE MARTINEZ AND | § | |
| FIDENCIO LOPEZ, JR., Individually, | § | |
| and on behalf of all others similarly | § | |
| situated; | § | |
| | § | |
| *Plaintiffs*, | § | |
| | § | CIVIL ACTION NO. 2:11-CV-295 |
| v. | § | |
| | § | JURY TRIAL DEMAND |
| REFINERY TERMINAL FIRE COMPANY | § | |
| | § | COLLECTIVE ACTION |
| *Defendant* | § | PURSUANT TO 29 U.S.C. §216(b) |

## DEFENDANT'S FIRST AMENDED ANSWER TO PLAINTIFFS' FIRST AMENDED COLLECTIVE ACTION COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Defendant Refinery Terminal Fire Company (hereinafter "RTFC" or "Defendant") and files its First Amended Answer to Plaintiffs' First Amended Collective Action Complaint, and respectfully shows the Court as follows to the numbered paragraphs in Plaintiffs' First Amended Collective Action Complaint (hereinafter "Complaint"):

### I.     Responses to Specific Allegations in Plaintiffs' First Amended Collective Action Complaint

### Overview

1.  Paragraph 1.1 does not contain any factual allegation for which any response is appropriate.  Unless otherwise specifically admitted, Defendant denies any factual basis for which paragraph 1.1 may pertain, that any claim is proper or that Plaintiffs are entitled to any relief whatsoever.

2.  With respect to paragraph 1.2 of the Complaint, Defendant acknowledges that Plaintiffs attempt to define a class of firefighters. Defendant denies that any class is



appropriate. All allegations in paragraph 1.2 which are not specifically admitted are denied.

3. With respect to the allegations in paragraph 1.3 of the Complaint, Defendant admits that from time-to-time its firefighters performed work in excess of 40 hours in a work week and were from time-to-time required to be on-call. All allegations in paragraph 1.3 which are not specifically admitted are denied.

**Parties**

4. With respect to paragraph 2.1 of the Complaint, Defendant admits that Plaintiff Martinez worked as a firefighter employed by Defendant and served in various capacities. Plaintiff was paid a salary and computed overtime. All allegations in paragraph 2.1 which are not specifically admitted are denied.

5. With respect to paragraph 2.2 of the Complaint, Defendant admits that Plaintiff Lopez worked as a fighter employed by Defendant and served in various capacities. Plaintiff was paid a salary and computed overtime. All allegations in paragraph 2.2 which are not specifically admitted are denied.

6. With respect to paragraph 2.3 of the Complaint, Defendant admits that Plaintiff Alvarez worked as a fighter employed by Defendant and served in various capacities. Plaintiff was paid a salary and computed overtime. All allegations in paragraph 2.3 which are not specifically admitted are denied.

7. With respect to paragraph 2.4 of the Complaint, Defendant admits that Plaintiff Cantu worked as a fighter employed by Defendant and served in various capacities. Plaintiff was paid a salary and computed overtime. All allegations in paragraph 2.4 which are not specifically admitted are denied.

8. With respect to paragraph 2.5 of the Complaint, Defendant admits that Plaintiff Castillo worked as a fighter employed by Defendant and served in various capacities. Plaintiff was paid a salary and computed overtime. All allegations in paragraph 2.5 which are not specifically admitted are denied.

9. With respect to paragraph 2.6 of the Complaint, Defendant admits that Plaintiff Means worked as a fighter employed by Defendant and served in various capacities. Plaintiff was paid a salary and computed overtime. All allegations in paragraph 2.6 which are not specifically admitted are denied.

10. With respect to paragraph 2.7 of the Complaint, Defendant admits that Plaintiff Cruz worked as a fighter employed by Defendant and served in various capacities. Plaintiff was paid a salary and computed overtime. All allegations in paragraph 2.7 which are not specifically admitted are denied.

11. With respect to paragraph 2.8 of the Complaint, Defendant admits that Plaintiff Rives worked as a fighter employed by Defendant and served in various capacities. Plaintiff was paid a salary and computed overtime. All allegations in paragraph 2.8 which are not specifically admitted are denied.

12. With respect to paragraph 2.9 of the Complaint, Defendant admits that Plaintiff McDaniel worked as a fighter employed by Defendant and served in various capacities. Plaintiff was paid a salary and computed overtime. All allegations in paragraph 2.9 which are not specifically admitted are denied.

13. With respect to paragraph 2.10 of the Complaint, Defendant admits that Plaintiff Serna worked as a fighter employed by Defendant and served in various capacities. Plaintiff was paid a salary and computed overtime. All allegations in paragraph

2.10 which are not specifically admitted are denied.

14. With respect to paragraph 2.11 of the Complaint, Defendant admits that Plaintiff Mitchell worked as a fighter employed by Defendant and served in various capacities. Plaintiff was paid a salary and computed overtime. All allegations in paragraph 2.11 which are not specifically admitted are denied.

15. With respect to paragraph 2.12 of the Complaint, Defendant admits that Plaintiff Salinas worked as a fighter employed by Defendant and served in various capacities. Plaintiff was paid a salary and computed overtime. All allegations in paragraph 2.12 which are not specifically admitted are denied.

16. With respect to paragraph 2.13 of the Complaint, Defendant admits that Plaintiff Hogue worked as a fighter employed by Defendant and served in various capacities. Plaintiff was paid a salary and computed overtime. All allegations in paragraph 2.13 which are not specifically admitted are denied.

17. With respect to paragraph 2.14 of the Complaint, Defendant admits that Plaintiff Lopez worked as a fighter employed by Defendant and served in various capacities. Plaintiff was paid a salary and computed overtime. All allegations in paragraph 2.14 which are not specifically admitted are denied.

18. With respect to paragraph 2.15 of the Complaint, Defendant admits that Plaintiff Torres worked as a fighter employed by Defendant and served in various capacities. Plaintiff was paid a salary and computed overtime. All allegations in paragraph 2.15 which are not specifically admitted are denied.

19. With respect to paragraph 2.16 of the Complaint, Defendant admits that Plaintiff Sandejo worked as a fighter employed by Defendant and served in various capacities.

Plaintiff was paid a salary and computed overtime. All allegations in paragraph 2.16 which are not specifically admitted are denied.

20. With respect to paragraph 2.17 of the Complaint, Defendant admits that Plaintiff Bouge worked as a fighter employed by Defendant and served in various capacities. Plaintiff was paid a salary and computed overtime. All allegations in paragraph 2.17 which are not specifically admitted are denied.

21. With respect to paragraph 2.18 of the Complaint, Defendant admits that Plaintiff Lara worked as a fighter employed by Defendant and served in various capacities. Plaintiff was paid a salary and computed overtime. All allegations in paragraph 2.18 which are not specifically admitted are denied.

22. Paragraph 2.19 does not contain any factual allegation for which any response is appropriate. Unless otherwise admitted, Defendant denies any factual basis for which paragraph 2.19 may pertain, that any claim is proper and denies that Plaintiffs are entitled to any relief whatsoever.

23. Defendant admits the allegations in paragraph 2.20 of the Complaint.

## **Jurisdiction**

24. Defendant admits this Court has jurisdiction as alleged in paragraph 3.1 of the Complaint. Unless otherwise admitted, Defendant denies any factual basis for which paragraph 3.1 may pertain, that any claim is proper and denies that Plaintiffs are entitled to any relief whatsoever.

## **Venue**

25. Defendant admits venue is proper as alleged in paragraph 4.1 of the Complaint. Unless otherwise admitted, Defendant denies any factual basis for which paragraph 4.1

may pertain, that any claim is proper and denies that Plaintiffs are entitled to any relief whatsoever.

## Coverage

26. Defendant admits the allegations in paragraph 5.1 of the Complaint.

27. Defendant admits the allegations in paragraph 5.2 of the Complaint.

28. Defendant admits the allegations in paragraph 5.3 of the Complaint.

29. Defendant admits the allegations in paragraph 5.4 of the Complaint.

30. With respect to paragraph 5.5 of the Complaint, Defendant admits it acted as an employer with respect to Plaintiffs and properly paid its employees. All allegations in paragraph 5.5 which are not specifically admitted are denied.

31. Paragraph 5.6 of the Complaint does not contain any factual allegation for which a response is appropriate. Unless otherwise admitted, Defendant denies any factual basis for which paragraph 5.6 may pertain, that any claim is proper, that any class is appropriate in this matter or that Plaintiffs are entitled to any relief whatsoever. With limiting the generality of the above, Defendant denies that the purported class description is accurate or consistent with facts, and asserts that it is overly broad.

## Facts

32. With respect to the allegations in paragraph 6.1 of the Complaint, Defendant admits it is a non-profit industrial firefighting company; that it is owned by its members; that it is, in part, funded by its members; that it is in the business of providing fire protection prevention, inspection, hazard mitigation, training, and firefighting support services; and that it has over 100 full-time employee firefighters. All allegations in paragraph 6.1 which are not specifically admitted are denied.

33. With respect to paragraph 6.2 of the Complaint, Defendant admits some of its firefighters serve or have served in the classifications stated; that each was a salaried employee and received computed overtime and other pay; and that they were paid appropriately pursuant to the FLSA. All allegations in paragraph 6.2 which are not specifically admitted are denied.

34. With respect to paragraph 6.3 of the Complaint, Defendant admits that Plaintiff Martinez was employed by Defendant from about May 1995 through April 2010 as a salaried employee in various positions and received computed overtime and other pay; and was paid appropriately pursuant to the FLSA. All allegations in paragraph 6.3 which are not specifically admitted are denied.

35. With respect to the Affidavit referenced in paragraph 6.3 of the Complaint, Defendant admits Plaintiff Martinez was employed by Defendant, was salaried and paid overtime and additional premiums for work outside of scheduled shifts. Further, Defendant objects to the Affidavit as being conclusory and based on hearsay. Moreover, the affidavit is internally inconsistent with his pay that shows payment of a salary. All allegations in the Martinez Affidavit which are not specifically admitted are denied.

36. With respect to paragraph 6.4 of the Complaint, Defendant admits that Plaintiff Lopez was employed by Defendant from approximately February 2004 through May 2011 as a salaried employee and received computed overtime and other pay; and was paid appropriately pursuant to the FLSA. All allegations in paragraph 6.4 which are not specifically admitted are denied.

37. With respect to paragraph 6.5 of the Complaint, Defendant admits that Plaintiff

Alvarez was employed by Defendant from approximately 1989 through April 2009 as a salaried employee and received computed overtime and other pay; and was paid appropriately pursuant to the FLSA. All allegations in paragraph 6.5 which are not specifically admitted are denied.

38. With respect to paragraph 6.6 of the Complaint, Defendant admits that Plaintiff Cantu was employed by Defendant from approximately 2001 through August 2011 as a salaried employee and received computed overtime and other pay; and was paid appropriately pursuant to the FLSA. All allegations in paragraph 6.6 which are not specifically admitted are denied.

39. With respect to paragraph 6.7 of the Complaint, Defendant admits that Plaintiff Castillo was employed by Defendant from approximately May 2002 through September 2009 as a salaried employee and received computed overtime and other pay; and was paid appropriately pursuant to the FLSA. All allegations in paragraph 6.7 which are not specifically admitted are denied.

40. With respect to paragraph 6.8 of the Complaint, Defendant admits that Plaintiff Means was employed by Defendant from approximately June 2008 through January 2011 as a salaried employee and received computed overtime and other pay; and was paid appropriately pursuant to the FLSA. All allegations in paragraph 6.8 which are not specifically admitted are denied.

41. With respect to paragraph 6.9 of the Complaint, Defendant admits that Plaintiff Cruz was employed by Defendant from approximately August 2007 through July 2009 as a salaried employee and received computed overtime and other pay; and was paid appropriately pursuant to the FLSA. All allegations in paragraph 6.9 which are

not specifically admitted are denied.

42. With respect to paragraph 6.10 of the Complaint, Defendant admits that Plaintiff Rives was employed by Defendant from approximately August 2009 through August 2010 as a salaried employee and received computed overtime and other pay; and was paid appropriately pursuant to the FLSA. All allegations in paragraph 6.10 which are not specifically admitted are denied.

43. With respect to paragraph 6.11 of the Complaint, Defendant admits that Plaintiff McDaniel was employed by Defendant from approximately August 2008 through July 2010 as a salaried employee and received computed overtime and other pay; and was paid appropriately pursuant to the FLSA. All allegations in paragraph 6.11 which are not specifically admitted are denied.

44. With respect to paragraph 6.12 of the Complaint, Defendant admits that Plaintiff Mitchell was employed by Defendant from approximately August 2008 through September 2011 as a salaried employee and received computed overtime and other pay; and was paid appropriately pursuant to the FLSA. All allegations in paragraph 6.12 which are not specifically admitted are denied.

45. With respect to paragraph 6.13 of the Complaint, Defendant admits that Plaintiff Salinas was employed by Defendant from approximately October 2007 through August 2010 as a salaried employee and received computed overtime and other pay; and was paid appropriately pursuant to the FLSA. All allegations in paragraph 6.13 which are not specifically admitted are denied.

46. With respect to paragraph 6.14 of the Complaint, Defendant admits that Plaintiff Serna was employed by Defendant from approximately August 2008 through May

2010 as a salaried employee and received computed overtime and other pay; and was paid appropriately pursuant to the FLSA. All allegations in paragraph 6.14 which are not specifically admitted are denied.

47. With respect to paragraph 6.15 of the Complaint, Defendant admits that Plaintiff Hogue was employed by Defendant from approximately November 2004 through September 2009 as a salaried employee and received computed overtime and other pay; and was paid appropriately pursuant to the FLSA. All allegations in paragraph 6.15 which are not specifically admitted are denied.

48. With respect to paragraph 6.16 of the Complaint, Defendant admits that Plaintiff Lopez was employed by Defendant from approximately October 2007 through October 2010 as a salaried employee and received computed overtime and other pay; and was paid appropriately pursuant to the FLSA. All allegations in paragraph 6.16 which are not specifically admitted are denied.

49. With respect to paragraph 6.17 of the Complaint, Defendant admits that Plaintiff Torres was employed by Defendant from approximately October 2007 through November 2009 as a salaried employee and received computed overtime and other pay; and was paid appropriately pursuant to the FLSA. All allegations in paragraph 6.17 which are not specifically admitted are denied.

50. With respect to paragraph 6.18 of the Complaint, Defendant admits that Plaintiff Sendejo was employed by Defendant from approximately November 2007 through November 2009 as a salaried employee and received computed overtime and other pay; and was paid appropriately pursuant to the FLSA. All allegations in paragraph 6.18 which are not specifically admitted are denied.

51. With respect to paragraph 6.19 of the Complaint, Defendant admits that Plaintiff Bogue was employed by Defendant from approximately August 2010 through July 2011 as a salaried employee and received computed overtime and other pay; and was paid appropriately pursuant to the FLSA. All allegations in paragraph 6.19 which are not specifically admitted are denied.

52. With respect to paragraph 6.20 of the Complaint, Defendant admits that Plaintiff Lara was employed by Defendant from approximately September 2008 through September 2011 as a salaried employee and received computed overtime and other pay; and was paid appropriately pursuant to the FLSA. All allegations in paragraph 6.20 which are not specifically admitted are denied.

53. With respect to paragraph 6.21 of the Complaint, Defendant admits that it paid Plaintiffs a salary and additional compensation including appropriately computed overtime for hours worked in excess of 40 hours per workweek, and other compensation for work outside of their schedule, in accordance with the FLSA. All allegations in paragraph 6.21 which are not specifically admitted are denied.

54. With respect to paragraph 6.22 of the Complaint, Defendant admits that it paid Plaintiffs a salary and additional compensation including appropriately computed overtime for hours worked in excess of 40 hours per workweek, and other compensation for work outside of their schedule, in accordance with the FLSA. All allegations in paragraph 6.22 which are not specifically admitted are denied.

55. With respect to paragraph 6.23 of the Complaint, Defendant admits that Plaintiffs were required to be on-call from time-to-time and were required to respond within 30 to 45 minutes depending on their location, and received appropriate call-back/reporting

pay and compensation when required to report. The failure to meet performance obligations was subject to appropriate discipline. All allegations in paragraph 6.23 which are not specifically admitted are denied.

56. Defendant can neither admit nor deny the allegations in paragraph 6.24 of the Complaint because they are unduly vague and confusing. The Complaint covers various persons who served in different capacities. Determining whether any person was exempt from overtime during any particular period requires an analysis of each individual's work duties and responsibilities during the applicable period. In general, all persons performing in positions of senior firefighter level 2 or above were and are exempt from overtime requirements. All allegations in paragraph 6.24 which are not specifically admitted are denied.

57. Paragraphs 6.25 through 6.30 do not contain any factual allegation for which a response is appropriate. The substance of these paragraphs are simply legal argument and not appropriate pleadings at all. Defendant moves to strike all of paragraphs 6.25 and 6.30. Unless otherwise admitted, Defendant denies any factual basis for which paragraphs 6.25 through 6.30 may pertain, that any claim is proper, that any class is appropriate in this matter or that Plaintiffs are entitled to any relief whatsoever.

## Causes of Action

A. Failure to Pay Wages in Accordance with the Fair Labor Standards Act

58. Defendant denies the allegations in paragraph 7.1 of the Complaint.

59. With respect to paragraph 7.2 of the Complaint, Defendant admits that it believes and contends that it has paid its employees appropriately. The remainder of paragraphs 7.2 does not contain any factual allegation for which a response is

appropriate but instead, the substance of the remainder of this paragraph is simply legal argument and not appropriate pleadings at all. Defendant moves to strike all of paragraph 7.2. Unless otherwise admitted, Defendant denies any factual basis for which paragraphs 7.2 pertains, that any claim is proper, that any class is appropriate in this matter or that Plaintiffs are entitled to any relief whatsoever.

### B. Collective Action Allegations

60. Paragraph 7.3 does not contain any factual allegations for which any responses were appropriate. Unless otherwise admitted, Defendant denies any factual basis for which paragraph 7.3 may pertain, that any claim is proper, that a collective action is appropriate in this matter, or that Plaintiffs are entitled to any relief whatsoever.

61. Defendant denies the allegations in paragraphs 7.4 through 7.7 of the Complaint. Without limiting the generality of the foregoing denials, Defendant specifically denies that the purported definition of the class is appropriate, legal, or meets the standard for collective actions. Defendant further denies that there is an appropriate showing of interest sufficient to designate any collective action. For example, and without limitation, at various times various Plaintiffs and alleged potential collective action members were exempt from any overtime, even though they were paid addition sums. Further, to the extent any on-call claim is asserted, it will require a review of each individual circumstance. No collective action is appropriate. Further, Plaintiffs seek to assert an action well beyond any applicable limitations period.[1]

### **Accounting**

62. Defendant denies the allegations in paragraphs 8.1 of the Complaint. Defendant

---

[1] Defendant's general objections stated herein in no way are intended as all encompassing or a limitation on additional reasons for opposing any collective certification.

further denies that Plaintiffs are entitled to any relief whatsoever at law or in equity.

63. With respect to paragraph 8.2 of the Complaint, Defendant admits it kept appropriate records of hours worked and amounts paid. All allegations in paragraph 8.2 which are not specifically admitted are denied. Defendant further denies that Plaintiffs are entitled to any relief whatsoever at law or in equity.

64. Defendant denies the allegations in paragraph 8.3 of the Complaint. Defendant further denies that Plaintiffs are entitled to any relief whatsoever in law or in equity.

### Relief Sought

65. With respect to Plaintiffs' "relief sought" set forth in paragraph 9.1, including all sub-paragraphs thereto, Defendant denies that there is any factual basis for the claims or that Plaintiffs are entitled to any relief at law or in equity. All allegations in Plaintiffs' prayer for relief which are not specifically admitted are denied.

### II. Defendant's Affirmative Defenses

66. Plaintiffs' claims against Defendant are barred in whole or in part by limitations.

67. All actions regarding the subject matter alleged in the causes of action, and each of them, were undertaken in good faith, with the absence of malicious intent to injure Plaintiffs or any person on whose behalf this action is being prosecuted and were lawful and proper.

68. To the extent that any overtime is due, Defendant is entitled to offset all amounts paid at premium pay for work outside their scheduled shifts.

69. Plaintiffs are estopped from denying the method of payment used.

70. Plaintiffs' claims are barred to the extent that the time for which compensation is sought is de minimis and therefore not compensable.

{C0656718.DOCX:2}                                    14

71. Plaintiffs' claims are barred and Defendant is entitled to offset to the extent they involve time during which they were engaged (i) in walking, riding or traveling to and from the actual place(s) they performed the principal activities they performed, or (ii) in activities which were preliminary or postliminary to their principal activities.

72. Plaintiffs' claims are barred to the extent they seek compensation for periods excluded under the Portal-to-Portal Act.

73. Plaintiffs' claims are barred for any periods in which their duties qualified as exempt, including but not limited to:

    a.  Exempt periods under the FLSA; and

    b.  Exempt periods where any employee with respect to whom the Secretary of Transportation has power to establish qualifications and maximum hours of service.

74. Defendant may exclude from any computed base rate all premium payments or portions thereof for non-work premiums, call-back or reporting pay and premium payments for work outside of Plaintiffs' scheduled shift.

75. Plaintiffs are estopped from denying their understanding to be paid a salary for all hours worked.

### III.    Prayer

WHEREFORE, PREMISES CONSIDERED, Defendant prays that this Court hold that Plaintiffs take nothing and that Defendant recover its costs and fees herein expended, and

that Defendant be granted all other relief to which it may show itself to be entitled.

Respectfully submitted,

BRANSCOMB | PC
802 North Carancahua, Suite 1900
Corpus Christi, Texas  78470-0700
Telephone:  (361) 888-9261
Facsimile:   (361) 888-8504

By:___/s/ Keith B. Sieczkowski_____
        Keith B. Sieczkowski
        Attorney in Charge
        TSB # 18341650
        Fed. I.D. #  7118

ATTORNEY FOR DEFENDANT
REFINERY TERMINAL FIRE COMPANY

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document *Defendant's First Amended Answer to Plaintiffs' First Amended Collective Action Complaint* was forwarded to counsel of record via ECF in accordance with the Local and FED.R.CIV.P. on this 3rd day of May, 2011.

Craig M. Sico
Roger S. Braugh, Jr.
SICO, WHITE, HOELSCHER & BRAUGH LLP
802 N. Carancahua, Suite 900
Corpus Christi, Texas  78401

        /s/ Keith B. Sieczkowski_____
        Keith B. Sieczkowski