IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JOE DALE MARTINEZ AND FIDENCIO LOPEZ, JR., Individually, and on behalf of all others similarly situated; | § § § § | |
| | § | CIVIL ACTION NO. 2:11-CV-295 |
| *Plaintiffs*, v. | § § | |
| | § | JURY TRIAL DEMAND |
| REFINERY TERMINAL FIRE COMPANY | § § | COLLECTIVE ACTION |
| *Defendant* | § | PURSUANT TO 29 U.S.C. §216(b) |

**DEFENDANT REFINERY TERMINAL FIRE COMPANY'S OBJECTIONS TO PLAINTIFFS' NOTICE OF INTENTION TO TAKE DEPOSITION PURSUANT TO FED. R. CIV. P. 30(b)(6) AND MOTION TO LIMIT SCOPE OF CORPORATE REPRESENTATIVE DEPOSITION**

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Defendant, Refinery Terminal Fire Company (hereinafter referred to as "RTFC") and files these *Defendant Refinery Terminal Fire Company's Objections to Plaintiffs' Notice of Intention to Take Deposition Pursuant to Fed. R. Civ. P. 30(b)(6) and Motion to Limit Scope of Corporate Representative Deposition*, and respectfully shows the following:

## I.  INTRODUCTION

Defendant RTFC objects to numerous definitions and matters over which examination is requested in *Plaintiffs' Notice of Intention to Take Deposition Pursuant to Fed. R. Civ. P. 30(b)(6)*[1] and moves to strike definitions and matters over which examination is requested because such definitions and matters: (1) misstate the relevant law, (2) request testimony regarding legal conclusions resulting from applying the law to the facts, (3) request testimony

---

[1] *Plaintiffs' Notice of Intention to Take Deposition Pursuant to Fed. R. Civ. P. 30(b)(6)* is attached hereto in its entirety as Exhibit "A".

{C0727234.DOCX:1}

most properly addressed to an expert, and (4) request irrelevant testimony.   Further, Plaintiffs request production of documents without proper minimum notice.   For these reasons, the Court should grant this motion and strike objectionable matters.

## II.   OBJECTIONS

### A.   *Definitions*

Defendant RTFC objects to definitions proposed by Plaintiffs that misstate relevant law. Specifically, RTFC object to the following definitions:

4.   *Exemption* means an employee's designation by the Defendant as either FLSA exempt or FLSA nonexempt from the minimum wage and overtime provisions of the Act.

Defendant RTFC objects to Definition No. 4 because it does not allow for "Exemption" to include partial exemptions, such as partial exemptions for minimum wage, overtime provisions, maximum hour requirements, child labor requirements, and/or other partial exemptions.  29 U.S.C. 207.

5.   *Exempt* means **not covered** by the minimum wage and overtime provisions of the Act.

Defendant RTFC objects to Definition No. 5 because it does not allow for "Exempt" to include partial exemptions, such as partial exemptions for minimum wage, overtime provisions, maximum hour requirements, child labor requirements, and/or other partial exemptions.   29 U.S.C. 207.

6.   *Nonexempt* means **covered** by the minimum wage and overtime provisions of the FLSA.

Defendant RTFC objects to Definition No. 6 because it does not allow for "Nonexempt" to include partial exemptions, such as partial exemptions for minimum wage, overtime

provisions, maximum hour requirements, child labor requirements, and/or other partial exemptions. 29 U.S.C. 207.

      7.     *Covered* means controlled or limited by a specific state law.

Defendant RTFC objects to Definition No. 7 because Plaintiffs do not indicate any "state law" over which the definition of "Covered" is to apply; therefore, Definition No. 7 is vague and ambiguous.

The Court should grant this motion and strike Definitions Nos. 4, 5, 6, and 7 from *Plaintiffs' Notice of Oral/Videotaped Deposition of RTFC.*

      B. *Matters that Examination is Requested Upon*

Defendant RTFC objects to matters over which examination is requested that request deposition testimony of legal conclusions applying the provisions of the Fair Labor Standards Act (hereinafter referred to as the "FLSA"), request expert testimony, and request information related to undefined, vague, and/or ambiguous terms. Specifically, RTFC objects to the following matters that examination is requested:

      1.     For the time periods Plaintiffs have asserted overtime claims, were Plaintiffs covered by Sections 201-209 of the FLSA for the claims asserted?

Defendant RTFC objects to Matter No. 1 because Plaintiffs request expert testimony on the application of law to facts. Whether or not Plaintiffs are employees subject to the law on overtime claims is a legal conclusion over which a fact witness cannot properly testify. Not only would any testimony by Defendant's corporate representative regarding these matters be improper, but also irrelevant and a waste of time for all parties. Defendant's corporate representatives must testify about information known or reasonably available to the organization. FED. R. CIV. P. 30(b)(6). Defendant is not charged with knowing the legal application of the

facts to the law; therefore the Court should grant this motion and Matter No. 1 should be stricken from *Plaintiffs' Notice of Oral/Videotaped Deposition of RTFC.*

    2.      Did the RTFC employ Plaintiffs as employees as defined in Sections 201-209 of the FLSA for the claim period?

Defendant RTFC objects to Matter No. 2 because Plaintiffs request expert testimony on the application of law to facts. Further, only Section 203 of the FLSA defines the term "employees." Matter No. 2 is misleading, vague, ambiguous and requests application of the legal definition of "employees" from a fact witness. Not only would any testimony by Defendant's representative regarding these matters be improper, but also irrelevant and a waste of time for all parties. Defendant's representatives must testify about information known or reasonably available to the organization. FED. R. CIV. P. 30(b)(6). Defendant is not charged with knowing the legal application of the facts to the law; therefore the Court should grant this motion and Matter No. 2 should be stricken from *Plaintiffs' Notice of Oral/Videotaped Deposition of RTFC.*

    3.      Were Plaintiffs members of a protected class under Sections 201-209 of the FLSA during the claims periods asserted?

Defendant RTFC objects to Matter No. 3 because Plaintiffs do not define the term "protected class" and, if all terms were defined, Plaintiffs request expert testimony on the application of law to facts. Only Section 203 of the FLSA references defines terms. Matter No. 3 is misleading, vague, ambiguous and requests application of the legal definition of "protected class" from a fact witness. Not only would any testimony by Defendant's representative regarding these matters be improper, but also irrelevant and a waste of time for all parties. Defendant's representatives must testify about information known or reasonably available to the organization. FED. R. CIV. P. 30(b)(6). Defendant is not charged with knowing the legal

application of the facts to the law; therefore the Court should grant this motion and Matter No. 3 should be stricken from *Plaintiffs' Notice of Oral/Videotaped Deposition of RTFC.*

7.   If Defendant contends that Plaintiffs asserting unpaid overtime claims were exempt from overtime pay requirements under any of the exemptions of the FLSA, how, when and why were they classified as such and how do they meet each of the elements of the claimed exemption(s)?

Defendant RTFC objects to Matter No. 7 because Plaintiffs request expert opinion testimony. Matter No. 7 specifically references application of legal elements to facts as "how do they meet each of the elements of the claimed exemption(s)," calling directly for expert opinion as to the application of the law to facts. Not only would any testimony by Defendant's representative regarding these matters be improper, but also irrelevant and a waste of time for all parties. Defendant's representatives must testify about information known or reasonably available to the organization. FED. R. CIV. P. 30(b)(6). Defendant is not charged with knowing the legal application of the facts to the law; therefore the Court should grant this motion and Matter No. 7 should be stricken from *Plaintiffs' Notice of Oral/Videotaped Deposition of RTFC.*

Defendant RTFC objects to matters over which examination is requested that request deposition testimony of matters more properly addressed to expert opinion. Specifically, RTFC objects to the following matters that examination is requested:

11.   If RTFC claims any affirmative defense of credit or offset against any amount it may be deemed to owe:

a.   For each week during the Window of Recovery, a witness that can identify and articulate the precise amount of credit or offset that RTFC is claiming;

Defendant RTFC objects to Matter No. 11(a) because Plaintiffs request expert opinion testimony. The amount of "credit or offset," although not specifically defined, may reference

application of legal offsets to liability, if any liability is found. Thus, Plaintiffs request expert opinion testimony on the application of law to facts. Not only would any testimony by Defendant's representative regarding these matters be improper, but also irrelevant and a waste of time for all parties. Defendant's representatives must testify about information known or reasonably available to the organization. FED. R. CIV. P. 30(b)(6). Defendant is not charged with knowing the legal application of the facts to the law; therefore the Court should grant this motion and Matter No. 11(a) should be stricken from *Plaintiffs' Notice of Oral/Videotaped Deposition of RTFC.*

> b. For each week during the Window of Recovery, a witness that can identify and articulate how Defendant calculated the amounts of credit or offset that RTFC is claiming; and

Defendant RTFC objects to Matter No. 11(b) because Plaintiffs request expert opinion testimony. The amount of "credit or offset," although not specifically defined, may reference application of legal offsets to liability, if any liability is found. Thus, Plaintiffs request expert opinion testimony on the application of law to facts. Not only would any testimony by Defendant's representative regarding these matters be improper, but also irrelevant and a waste of time for all parties. Defendant's representatives must testify about information known or reasonably available to the organization. FED. R. CIV. P. 30(b)(6). Defendant is not charged with knowing the legal application of the facts to the law; therefore the Court should grant this motion and Matter No. 11(b) should be stricken from *Plaintiffs' Notice of Oral/Videotaped Deposition of RTFC.*

> c. For each week during the Window of Recovery, a witness that can identify and articulate the documents which RTFC has relied upon as the sources of the amounts of credit or offset that RTFC is claiming.

Defendant RTFC objects to Matter No. 11(c) because Plaintiffs request expert opinion testimony. The amount of "credit or offset," although not specifically defined, may reference application of legal offsets to liability, if any liability is found. Thus, Plaintiffs request expert opinion testimony on the application of law to facts. Not only would any testimony by Defendant's representative regarding these matters be improper, but also irrelevant and a waste of time for all parties. Defendant's representatives must testify about information known or reasonably available to the organization. FED. R. CIV. P. 30(b)(6). Defendant is not charged with knowing the legal application of the facts to the law; therefore the Court should grant this motion and Matter No. 11(c) should be stricken from *Plaintiffs' Notice of Oral/Videotaped Deposition of RTFC.*

Defendant RTFC objects to matters over which examination is requested that are irrelevant and/or overbroad. Specifically, RTFC objects to the following matters that examination is requested:

12. If RTFC claims an affirmative defense that any of the Plaintiffs are or were employed as executives, administrators or professional during the Window of Recovery, and therefore are exempt under the FLSA, a witness that can identify and articulate specifically:

    a. Which exemptions(s) (executive, administrative, and/or professional) Defendant is claiming applies to which specific Plaintiffs;

    b. How the work performed by these Plaintiffs satisfies the duties elements of the executive, administrative, and/or professional exemptions;

    c. How the hourly compensation paid to these Plaintiffs satisfies the salary basis test of the executive, administrative, and/or professional exemptions; and

Defendant RTFC objects to Matter 12(c) because Plaintiffs request testimony on an improper statement, over which RTFC is unable to provide any witness to testify. "Hourly compensation" and "salary basis" cannot be applied to the same employee over the same period.

Therefore, these terms are inconsistent, confusing, and ambiguous as to the matter over which examination is requested. Therefore, the Court should grant this motion and Matter No. 12(c) should be stricken from *Plaintiffs' Notice of Oral/Videotaped Deposition of RTFC.*

       d.  All the facts that RTFC contends support its claims that the duties and salary basis elements of the executive, administrative, and/or professional exemptions were/art met.

13.     If Defendant claims any other affirmative defense:

       a.  For each week during the Window of Recovery, a witness that can identify and articulate all the alleged facts that support the alleged affirmative defense;

       b.  For each week during the Window of Recovery, a witness that can identify and articulate all the elements of the alleged affirmative defense and explain how each of these elements has been met; and

Defendant RTFC objects to Matter No. 13(b) because Plaintiffs request expert opinion testimony. Matter No. 13(b) specifically references application of legal elements to facts as "how each of these elements has been met," calling directly for expert opinion as to the application of the law to facts. Not only would any testimony by Defendant's representative regarding these matters be improper, but also irrelevant and a waste of time for all parties. Defendant's representatives must testify about information known or reasonably available to the organization. FED. R. CIV. P. 30(b)(6). Defendant is not charged with knowing the legal application of the facts to the law; therefore the Court should grant this motion and Matter No. 13(b) should be stricken from *Plaintiffs' Notice of Oral/Videotaped Deposition of RTFC.*

       c.  For each week during the Window of Recovery, a witness that can identify and articulate with precision the exact effect of the alleged affirmative defense on the damages being claimed by Plaintiffs.

Defendant RTFC objects to Matter No. 13(c) because Plaintiffs request expert opinion testimony. Matter No. 13(c) specifically references application of legal elements to facts as

"articulate with precision the exact effect of the alleged affirmative defense," calling directly for expert opinion as to the application of the law to facts. Not only would any testimony by Defendant's representative regarding these matters be improper, but also irrelevant and a waste of time for all parties.   Defendant's representatives must testify about information known or reasonably available to the organization. FED. R. CIV. P. 30(b)(6).   Defendant is not charged with knowing the legal application of the facts to the law; therefore the Court should grant this motion and Matter No. 13(c) should be stricken from *Plaintiffs' Notice of Oral/Videotaped Deposition of RTFC.*

Defendant RTFC objects to matters over which examination is requested that are irrelevant and/or overbroad.   Specifically, RTFC objects to the following matters that examination is requested:

14.   If Defendant claims an affirmative defense that the Plaintiffs have failed to mitigate their damages, a witness that can identify and articulate specifically:

   a.   The precise amount of damages (in dollars and cents) that Defendant is claiming each of the Plaintiffs "failed to mitigate" during the Window of Recovery in this case; and

   b.   Precisely what it is that Defendant is claiming the Plaintiffs should have done to mitigate their damages in this case.

Defendant RTFC objects to Matter Nos. 14(a) and 14(b) because the affirmative defense of mitigation of damages is not available to Defendant RTFC for alleged violations of the FLSA. Therefore, testimony on this affirmative defense is irrelevant to any current or potential causes of action in this case and it is improper to request a representative to prepare testimony on such a matter. Thus, the Court should grant this motion and Matter Nos. 14(a) and 14(b) should be stricken from *Plaintiffs' Notice of Oral/Videotaped Deposition of RTFC.*

## C. *Production of Documents*

Defendant RTFC objects to Plaintiffs request for production of documents pursuant to Federal Rule of Civil Procedure 30(b)(5) because this rule does not contain any provision for document requests.   Additionally, assuming that Plaintiffs intended to pursue production of documents under Federal Rule of Civil Procedure 30(b)(2), Plaintiffs notice to produce documents is deficient because it does not comply with the provisions of Federal Rule of Civil Procedure 34, specifically allowing a minimum of thirty (30) days to prepare a response to any production request. No such shorter or longer time has been stipulated for production of documents in this case pursuant to Federal Rule of Civil Procedure 29 nor ordered by the Court. Therefore, the Court should grant this motion limiting the definitions, scope of matters over which examination may be requested, and striking any requirement of production of documents less than thirty (30) days after service of *Plaintiffs' Notice of Intention to Take the Oral/Videotaped Deposition of Defendant Refinery Terminal Fire Company Pursuant to Fed. R. Civ. P. 30(b)(6).*

### III.    CONCLUSION AND PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant RTFC requests that the *Motion to Limit Scope of Corporate Representative Deposition* be granted, that Defendant RTFC be awarded its costs and fees associated with this motion, and that Defendant be granted such further and other relief to which it may be entitled.

Respectfully submitted,

BRANSCOMB | PC
802 North Carancahua, Suite 1900
Corpus Christi, Texas  78401
Telephone:   (361) 886-3800
Facsimile:   (361) 886-3805

By:   /s/ Keith B. Sieczkowski
Keith B. Sieczkowski
Attorney in Charge
TSB # 18341650
Fed. I.D. # 7118
Allison E. Moore
TSB # 24077616
Fed. I.D. # 1512930

ATTORNEYS FOR DEFENDANT
REFINERY TERMINAL FIRE COMPANY

{C0727234.DOCX:1}

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document *Defendant Refinery Terminal Fire Company's Objections to Plaintiffs' Notice of Intention to Take Deposition Pursuant to Fed. R. Civ. P. 30(b)(6)* was forwarded to counsel of record via ECF and facsimile in accordance with the Local and FED.R.CIV.P. on this 14th day of December, 2012.

Craig M. Sico
Roger S. Braugh, Jr.
Clif Alexander
Tara A. Hoelscher
SICO, WHITE, HOELSCHER & BRAUGH LLP
802 N. Carancahua, Suite 900
Corpus Christi, Texas  78401

Jerry Guerra
HUERTA GUERRA BEAM PLLC
924 Leopard Street
Corpus Christi, Texas  78401

/s/ Keith B. Sieczkowski
Keith B. Sieczkowski

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JOE DALE MARTINEZ AND FIDENCIO LOPEZ, JR., Individually and on behalf of all others similarly situated; | § § § § | |
| *Plaintiffs,* | § § § | |
| v. | § § | Civil Action No. 2:11-CV-295 |
| REFINERY TERMINAL FIRE COMPANY | § § § | |
| *Defendant* | § § § | |

**PLAINTIFFS' NOTICE OF INTENTION TO TAKE THE
ORAL/VIDEOTAPED DEPOSITION OF DEFENDANT REFINERY
TERMINAL FIRE COMPANY PURSUANT TO FED. R. CIV. P. 30(b)(6)**

TO: Defendant Refinery Terminal Fire Company, by and through its attorneys of record, Keith B. Sieczkowski, BRANSCOMB PC, 802 N. Carancahua, Suite 1900, Corpus Christi, Texas 78401.

Please take notice that, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, Plaintiffs will take the deposition of a witness, or witnesses, before a court reporter authorized to administer oaths, at the offices of Sico, White, Hoelscher & Braugh L.L.P., 802 N. Carancahua, Suite 900, Corpus Christi, Texas 78401 on December 17, 2012 at 10:00 a.m. and continuing from day to day until all 30(b)(6) depositions requested herein are completed. The deposition(s) will be recorded stenographically and may also be videotaped.

The subject matter of the deposition will concern the following matters:

EXHIBIT A

## DEFINITIONS

1. *FLSA* or *Act* means the Fair Labor Standards Act of 1938, as amended, (Sections 201 et seq. of Title 29, United States Code) which is a law that sets minimum standards for both wages and overtime entitlement. Included in the Act are provisions related to minimum wage, overtime pay, child labor, equal pay, and other matters.

2. *Claim* or *Claims* means a written allegation from a current or former employee concerning his or her FLSA exemption status or entitlement to minimum wage or overtime pay for non-exempt work performed under the FLSA.

3. *Claim period* means the time during which the cause or basis of the claims asserted by Plaintiffs occurred.

4. *Exemption* means an employee's designation by the Defendant as either FLSA exempt or FLSA nonexempt from the minimum wage and overtime provisions of the Act.

5. *Exempt* means **not covered** by the minimum wage and overtime provisions of the Act.

6. *Nonexempt* means **covered** by the minimum wage and overtime provisions of the FLSA.

7. *Covered* means controlled or limited by a specific statute of law.

8. *Plaintiffs* mean all Plaintiffs asserting claims in the above-styled cause of action.

9. *Window of Recovery* is the relevant time period from September 9, 2008, to the present.

10. *You* or *your* means the Refinery Terminal Fire Company.

11. *RTFC* means Refinery Terminal Fire Company.

## Matters that Examination is Requested Upon

1. For the time periods Plaintiffs have asserted overtime claims, were Plaintiffs covered by Sections 201-219 of the FLSA for the claims asserted?

2. Did RTFC employ Plaintiffs as employees as defined in Sections 201-219 of the FLSA for the claim period?

3. Were Plaintiffs members of a protected class under Sections 201-219 of the FLSA during the claims periods asserted?

4. Were Plaintiffs employed as "Trainee", "Firefighter One", "Senior Firefighter One", "Firefighter Two", "Senior Firefighter Two", "Captain", and/or "Senior Captain" by RTFC during the claim periods asserted by each Plaintiff?

5. Were Plaintiffs classified by RTFC as "non-exempt" employees for the purpose of computing and calculating overtime pursuant to the FLSA during the claim period asserted by each Plaintiff, or any part thereof?

6. Did any Plaintiff receive FLSA overtime pay during the Window of Recovery, and if so who, when, why, and for what services?

7. If RTFC contends that Plaintiffs asserting unpaid overtime claims were exempt from overtime pay requirements under any of the exemptions of the FLSA, how, when and why were they classified as such and how do they meet each of the elements of the claimed exemption(s)?

8. If RTFC has classified the Plaintiffs as non-exempt employees pursuant to the FLSA during any part of the Window of Recovery, how, when and why were they classified as non-exempt?

9. Discuss any and all Department of Labor ("DOL") investigations initiated against you and lawsuits filed against you involving wage and hour and/or FLSA claims and for each such DOL investigation or lawsuit discuss the issue or issues in dispute and the result.

10. Identification of each document that RTFC claims supports any contention that Plaintiffs were or were not covered under the FLSA for overtime wages claimed during the Window of Recovery period in this lawsuit, including documents that reflect:

    a. Classification of Plaintiffs as FLSA exempt or non-exempt.

    b. Position descriptions or job analysis of the Plaintiffs' position(s).

    c.     Decisions or rulings from the, any United States Government Agency, department, board, court, commission or government authority that classifies Plaintiffs as FLSA exempt or non-exempt employees.

11.    If RTFC claims any affirmative defense of credit or offset against any amount it may be deemed to owe:

    a.     For each week during the Window of Recovery, a witness that can identify and articulate the precise amount of credit or offset that RTFC is claiming;

    b.     For each week during the Window of Recovery, a witness that can identify and articulate how Defendant calculated the amounts of credit or offset that RTFC is claiming; and

    c.     For each week during the Window of Recovery, a witness that can identify and articulate the documents which RTFC has relied upon as the sources of the amounts of credit or offset that RTFC is claiming.

12.    If RTFC claims an affirmative defense that any of the Plaintiffs are or were employed as executives, administrators or professionals during the Window of Recovery, and therefore are exempt under the FLSA, a witness that can identify and articulate specifically:

    a.     Which exemption(s) (executive, administrative, and/or professional) Defendant is claiming applies to which specific Plaintiffs;

    b.     How the work performed by these Plaintiffs satisfies the duties elements of the executive, administrative, and/or professional exemptions;

    c.     How the hourly compensation paid to these Plaintiffs satisfies the salary basis test of the executive, administrative, and/or professional exemptions; and

    d.     All facts that RTFC contends support its claims that the duties and salary basis elements of the executive, administrative, and/or professional exemptions were/are met.

13.   If RTFC claims any other affirmative defense:

   a.   For each week during the Window of Recovery, a witness that can identify and articulate all the alleged facts that support the alleged affirmative defense;

   b.   For each week during the Window of Recovery, a witness that can identify and articulate all the elements of the alleged affirmative defense and explain how each of these elements has been met; and

   c.   For each week during the Window of Recovery, a witness that can identify and articulate with precision the exact effect of the alleged affirmative defense on the damages being claimed by Plaintiffs.

14.   If RTFC claims an affirmative defense that the Plaintiffs have failed to mitigate their damages, a witness that can identify and articulate specifically:

   a.   The precise amount of damages (in dollars and cents) that RTFC is claiming each of the Plaintiffs "failed to mitigate" during the Window of Recovery in this case; and

   b.   Precisely what it is that RTFC is claiming the Plaintiffs should have done to mitigate their damages in this case.

15.   If RTFC claims an affirmative defense that it had reasonable grounds to believe that it was in compliance with the requirements of the FLSA, a witness that can identify and articulate specifically each and every fact and document which RTFC contends supports this affirmative defense.

16.   If RTFC claims an affirmative defense that its actions were taken in good faith, a witness that can identify and articulate specifically each and every fact and document which RTFC contends supports this affirmative defense.

17.   If RTFC contends that the Plaintiffs who have been designated as a Representative Plaintiffs are not qualified, and/or are not truly Representative of the class as a whole, a witness that can identify and articulate each and every fact and document that RTFC claims supports its position.

18.   If RTFC contends that this case should not continue as a collective action, and contends the case should be decertified as a collective action, a witness that can identify and articulate each and every fact and document that RTFC claims supports its position.

19. Discuss how RTFC keeps its time records of its employees, the format in which such records are kept, where the records are stored, who is the custodian of such records, who generates such records, and how far back the records are kept.

20. Discuss how RTFC keeps its payroll records of its employees, the format in which such records are kept, where the records are stored, who is the custodian of such records, who generates such records, and how far back the records are kept.

21. Discuss how RTFC keeps its attendance records of its employees, the format in which such records are kept, where the records are stored, who is the custodian of such records, who generates such records, and how far back the records are kept.

22. If RTFC claims that it utilized the fluctuating workweek overtime pay method during the Window of Recovery, a witness that can identify and articulate specifically:

    a. That there was a clear understanding between employer and employee that the employee will be paid using the fluctuating workweek method;

    b. The workweek of the employee was a fluctuating one;

    c. The employee was paid a fixed salary regardless of the number of hours worked each week;

    d. The salary of the employees was sufficiently large enough so that the regular rate of pay never dropped below minimum wage;

    e. In addition to their salary, the employee was paid overtime premiums for any hours worked over 40 in the workweek. The overtime rate was 50% of the regular rate of pay for the workweek.

23. Discuss any mandatory classes/training that is required of Plaintiffs for their respective job descriptions, specifying the hours each Plaintiff was in training for the claim period in question, whether they were required to be in uniform while they were in classes/training, and how they were compensated for their time in classes/training for RTFC during the Window of Recovery.

24. Discuss payment methods of RTFC employees in the last ten years and whether changes have been made to such payment methods, who facilitated

the changes, what payment method changes were made, when were such changes made, and why were the changes made.

Pursuant to FRCP 30(b)(5), Plaintiffs request that each designated deponent produce, at the deposition(s): (1) any documents, not already produced, which are responsive to THE ABOVE SUBJECT MATTER AREAS; and (2) any documents and tangible things that the witness reviewed or consulted to prepare for the deposition.

Respectfully submitted,

Craig M. Sico
Federal I.D. No. 13540
Texas Bar No. 18339850
SICO, WHITE, HOELSCHER & BRAUGH, L.L.P
802 N. Carancahua, Suite 900
Corpus Christi, Texas 78401
Telephone: 361/653-3300
Facsimile: 361/653-3333

**ATTORNEY IN CHARGE FOR PLAINTIFFS**

OF COUNSEL:

Roger S. Braugh, Jr.
Federal I.D. No. 21326
Texas Bar No. 00796244
Clif Alexander
Federal I.D. No. 1138436
State Bar No. 24064805
Tara A. Hoelscher
Texas Bar No. 24012189
SICO, WHITE, HOELSCHER & BRAUGH, L.L.P
802 N. Carancahua, Suite 900
Corpus Christi, Texas 78401
Telephone: 361/653-3300
Facsimile: 361/653-3333

Jerry Guerra
Federal I.D. No. 18166
Texas Bar No. 00789326
HUERTA GUERRA BEAM, PLLC
924 Leopard Street
Corpus Christi, Texas 78401
Telephone: 361/884-1632
Facsimile: 361/884-7013

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 12th day of December, 2012, a true and correct copy of the above and foregoing document was served upon the following counsel of record in accordance with the Federal Rules of Civil Procedure.

Keith B. Sieczkowski                    **Via Hand Delivery**
BRANSCOMB | PC
802 North Carancahua, Suite 1900
Corpus Christi, Texas 78401

*Attorneys for Defendant Refinery Terminal Fire Company*

Craig M. Sico