IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JOE DALE MARTINEZ and FIDENCIO LOPEZ, JR., Individually and on behalf of all others similarly situated; | § § § § | |
| *Plaintiffs*, | § § | |
| v. | § § | Civil Action No. 2:11-cv-295 |
| | § § | |
| REFINERY TERMINAL FIRE COMPANY | § § § § | |
| *Defendant* | § § | |

**RESPONSE TO DEFENDANT'S MOTION FOR LEAVE TO FILE SUR-REPLY TO PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT ON THE FLUCTUATING WORKWEEK PAYMENT METHOD**

Plaintiffs file this Response to Defendant RTFC's Motion for Leave to File Sur-Reply to Plaintiffs' Reply in Support of Motion for Partial Summary Judgment on the Fluctuating Workweek Payment Method, and respectfully state the following:

**I.
SUMMARY OF ARGUMENT**

The Federal Rules of Civil Procedure do not expressly provide for the filing of a sur-reply. Fed. R. Civ. P. 56.; *Smith v. Fluor Enterprises, Inc.*, 2013 WL 571787, at *4 (S.D. Tex. Feb. 12, 2013) (Ellison, J.). As stated by the Northern District of Texas, "[a] sur-reply is appropriate by the non-movant only when the movant raises new legal theories or attempts to present new evidence at the reply stage." *Racetrac Petroleum, Inc. v. J.J.'s Fast Stop, Inc.*, 2003 WL 251318, at *21 (N.D. Tex. 2003) (Solis, J.) (emphasis added). Moreover, "[s]urreplies, and any other filing that serves the purpose or has the effect of a surreply, are highly disfavored, as they usually are a strategic effort by the

nonmovant to have the last word on a matter." *Lacher v. West*, 147 F.Supp.2d 538, 539 (N.D. Tex. 2001) (Lindsay, J.). As such, sur-replies are generally reserved for exceptional circumstances. *Id.* Otherwise, to allow such sur-replies as a regular practice would put courts "in the position of refereeing an endless volley of briefs." *Garrison v. Northeast Georgia Medical Center, Inc.*, 66 F.Supp.2d 1336 (N.D. Ga. 1999).

RTFC's sur-reply is untimely and its motion for leave to file should be denied on that basis alone. Moreover, because Plaintiffs did not present any new legal theories or arguments in their reply but simply responded to RTFC's arguments made in its response, RTFC's motion for leave to file should be denied.

## II.
## INTRODUCTION

On June 17, 2013, Plaintiffs filed their Motion for Partial Summary Judgment on the Fluctuating Workweek Payment Method (D.E. 147) and Defendant RTFC filed its Response to Motion for Partial Summary Judgment on the Fluctuating Workweek Payment Method on July 8, 2013 (D.E. 157). On July 10, 2013, this Court issued an order staying all pre-trial deadlines and for continuance pending the outcome of mediation (D.E. 163). Mediation was conducted on July 25 and July 26, 2013, but the parties were not able to resolve this matter. A status conference was then held on September 4, 2013 where the Court instructed Plaintiffs to file its Reply in Support of Motion for Partial Summary Judgment on the Fluctuating Workweek Payment Method no later than September 6, 2013. Plaintiffs complied with this instruction and filed their reply on September 6, 2013 (D.E. 169).

# III.
# ARGUMENT & AUTHORITIES

A.     THE SUR-REPLY IS UNTIMELY

The deadline for RTFC to respond to Plaintiffs' reply was September 27, 2013. *See* Southern District of Texas Local Rule 7.3 ("Opposed motions will be submitted to the judge <u>21 days from filing</u>.") (emphasis added). RTFC waited until October 4, 2013 to file its Opposed Motion for Leave to File Sur-Reply to Plaintiffs' Reply in Support of Motion for Partial Summary Judgment on the Fluctuating Workweek Payment Method (D.E. 170)—exactly twenty-eight (28) days after Plaintiffs filed their reply. RTFC's sur-reply is therefore untimely and the motion for leave to file should be denied.

Indeed, Federal Rule of Civil Procedure 6(b) provides that when a deadline has elapsed, "the court, may *<u>for good cause</u>*, extend the time…on motion made after the time has expired, if the party failed to act *<u>because of excusable neglect</u>*." Fed. R. Civ. P. 6(b)(1)(B) (emphasis added). RTFC has not offered any good cause basis for filing late and certainly has not provided this Court with any evidence of "excusable neglect." The law is clear that "inadvertence, ignorance of the rules, or mistakes construing the rules" do not constitute "excusable neglect." *Pioneer Inv. Servs. Co. v. Brunswick Associates Ltd. P'ship*, 507 U.S. 380, 391 (1993); *see also Jaramillo v. City of Dallas*, 2001 WL 1148220 at *3 (N.D. Tex. Sept. 21, 2001) (no excusable neglect for a plaintiff who misreads court's unambiguous deadline); *Flores v. Secretary of Navy*, 51 F.3d 1044 (5th Cir. 1995) (miscommunication between co-counsel insufficient to establish excusable neglect); *Hernandez v. Brazoria County*, 21 F.3d 1108 (5th Cir. 1994) (counsel's preoccupation with other matters and good-faith but mistaken belief as to deadline was not excusable neglect).

The only reasonable conclusion that can be gleaned from RTFC's behavior is that RTFC has no valid reason for filing late. Moreover, it is RTFC's burden to prove to the Court that it acted with excusable neglect by showing a "good faith and a reasonable basis for noncompliance." *Pac. Int'l Ins.*

*Co. v. Johnston*, 990 F.2d 626 (5th Cir. 1993). Only after an adequate demonstration of "good faith" ***and*** a "reasonable basis for noncompliance" through competent evidence may a litigant act after a deadline. *Id.* RTFC has not even attempted to meet this burden. Rather, RTFC claims that its motion "is brought to clarify the issues pertaining to this case." This is completely insufficient under the Rules and RTFC's failure to respond timely should result in its motion for leave to file being denied.

**B.  RTFC CANNOT USE ITS SUR-REPLY TO ASSERT NEW ARGUMENTS**

Not only does RTFC simply rehash the same arguments made in its response, RTFC actually asserts new arguments in its sur-reply. Specifically, RTFC devotes seven pages to an entirely new argument based on statutory interpretation and how RTFC's additional payments fit "neatly" within the statutory exclusions of section 207(e).[1] In addition, RTFC concludes its sur-reply by injecting three pages of another new argument on why an employer should not be liable based on "political whims" and a woe is me attitude of an employer who has clearly been caught with its hand in the cookie jar.[2]

In failing to submit all of its arguments in its response, RTFC is attempting to sandbag Plaintiffs at the last minute by withholding arguments from Plaintiffs until after Plaintiffs have completed their briefing on an issue that Plaintiffs maintain the burden of proof. *Samson v. Apollo Resources, Inc.*, 242 F.3d 629, 636 (5th Cir. 2001) (employee bears the burden of proving that the employer failed to properly administer the FWW method).[3]

---

[1] Def. Sur. at pp. 12—19.
[2] *Id.* at pp. 21—23.
[3] Plaintiffs maintain that RTFC is required to prove any exclusions under 29 U.S.C. § 207(e).

C.   **RTFC ONCE AGAIN ATTEMPTS TO MISLEAD THIS COURT**

   1.   <u>Plaintiffs' expert Brian T. Farrington's testimony does not help RTFC</u>.

RTFC claims that Plaintiffs' shift-differential argument is desperate and that it misconstrues the concept of shift differentials and their purpose.[4] To this end, RTFC attempts to turn Plaintiffs' expert Brian T. Farrington into its own expert by completely misrepresenting his deposition testimony to the Court. However, a complete reading of Mr. Farrington's testimony in the cited deposition excerpts unmistakably shows that *O'Brien v. Town of Agawam* simply stands for the proposition that additional income invalidates the fluctuating workweek and <u>only if</u> that additional income falls within one of the section 207(e) exclusions would it not invalidate an otherwise valid fluctuating workweek.[5]

   2.   *Switzer* <u>is directly on point</u>.

RTFC simply refuses to acknowledge what the Southern District of Texas has already considered and opined on. That is, <u>additional pay based on the number of hours worked is inconsistent with the fluctuating workweek payment method</u>. *Switzer v. Wachovia Corp.*, 2012 WL 3685978, at *3 (S.D. Tex. August 24, 2012) (Atlas, J.). Nowhere in RTFC's pointed attempt to mislead this Court does it cite to this part of the *Switzer* opinion. Instead, RTFC continues to focus its attack on whether or not shift differentials or premium payments can be categorized as non-discretionary bonuses. The fact is there is no escaping the truth for RTFC—the voluminous evidence already provided to this Court clearly shows that <u>RTFC made additional payments to Plaintiffs based on the number of hours worked</u> thereby invalidating the FWW.[6]

---

[4] *Id.* at p. 4.
[5] Def. Sur. at p. 4; Ex. A, p. 47, ln. 1—p. 48, ln. 7.
[6] Plaintiffs' Motion for Partial Summary Judgment on the Fluctuating Workweek Payment Method (D.E. 147) and Reply in Support of Motion for Partial Summary Judgment on the Fluctuating Workweek Payment Method (D.E. 169) are incorporated herein for all purposes.

# IV.
# CONCLUSION

RTFC's sur-reply is an impermissible pleading not authorized by the Federal Rules of Civil Procedure and is improperly designed to provide RTFC with the last word on Plaintiffs' Motion for Partial Summary Judgment on the Fluctuating Workweek Payment Method. Because a sur-reply is permitted only in special circumstances and because no such special circumstances exist here, RTFC's motion for leave to file its sur-reply should be denied. In the alternative, if this Court is inclined to consider the sur-reply, Plaintiffs respectfully request leave to file a final response to the sur-reply.

Respectfully submitted,

/s/ *Craig M. Sico*
Craig M. Sico
Federal I.D. No. 13540
Texas Bar No. 18339850
SICO, WHITE, HOELSCHER, HARRIS & BRAUGH L.L.P.
802 N. Carancahua, Suite 900
Corpus Christi, Texas 78401
Telephone: 361/653-3300
Facsimile: 361/653-3333

**ATTORNEY IN CHARGE FOR PLAINTIFFS**

OF COUNSEL:

Roger S. Braugh, Jr.
Federal I.D. No. 21326
Texas Bar No. 00796244
Clif Alexander
Federal I.D. No. 1138436
Texas Bar No. 24064805
Tara A. Hoelscher
Federal I.D. No. 1850018
Texas Bar No. 24012189
SICO, WHITE, HOELSCHER, HARRIS & BRAUGH L.L.P.
802 N. Carancahua, Suite 900
Corpus Christi, Texas 78401
Telephone: 361/653-3300
Facsimile: 361/653-3333

Jerry Guerra
Federal I.D. No. 18166
Texas Bar No. 00789326
HUERTA GUERRA BEAM, PLLC
924 Leopard Street
Corpus Christi, Texas 78401
Telephone: 361/884-1632
Facsimile: 361/884-7013

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 8th day of October, 2013, a true and correct copy of the above and foregoing document was served upon the following counsel of record via the Court's electronic filing system and/or Certified U.S. Mail, Return Receipt Requested, in accordance with the Federal Rules of Civil Procedure.

Keith B. Sieczkowski
BRANSCOMB | PC
802 North Carancahua, Suite 1900
Corpus Christi, Texas 78401

*Attorneys for Defendant Refinery Terminal Fire Company*

/s/ *Craig M. Sico*