UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JOE DALE MARTINEZ, *et al*, | § | |
| | § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. 2:11-CV-295 |
| | § | |
| REFINERY TERMINAL FIRE COMPANY, | § | |
| | § | |
| | § | |
| Defendant. | § | |

## ORDER ON MOTION TO DISMISS

Before the Court is Defendant's Motion to Dismiss Pursuant to Rule 12(b) for Failure to State a Claim, Motion for More Definite Statement, [and] Motion to Strike" (D.E. 219).  For the reasons set out below, the Court GRANTS IN PART and DENIES IN PART the requested relief.

- The Court previously held that employees who worked under the title of "Captain" or "Senior Captain" are subject to the executive exemption (D.E. 198) and are not qualified as claimants or class representatives (D.E. 228).  The Court dismissed any claim brought for unpaid wages during these claimant's tenure as "Captain" or "Senior Captain."  Therefore, the Court STRIKES from the Second Amended Complaint (D.E. 215) all references to Plaintiffs' claims as "Captain" or "Senior Captain."

- The Court DENIES Defendant's motion with respect to its request for dismissal of all class claims as waived. The Court has granted conditional certification (D.E. 54) and has denied decertification (D.E. 228). Plaintiff's amended complaint properly preserves its status as a class action.

- The Court DENIES Defendant's motion with respect to its request for dismissal based upon limitations. Plaintiffs have pled willful violations triggering a three-year statute of limitations, the facts pled are sufficient to support the claim under federal pleading requirements, and the record does not support a summary adjudication on the issue. While Plaintiffs recite certain factual allegations involving employment and wages during periods of time outside the limitations period, their request for relief is properly limited to "wages that have been improperly withheld from September 9, 2008 through December 31, 2011." D.E. 215, p. 20.

- The Court DENIES the request for an order requiring Plaintiffs to plead with a more definite statement as to the status of this case as a collective action.

- The Court DENIES the request to strike Plaintiffs' collective action class definition. The definition used in D.E. 215, para. 7.18 is accurate under the Court's Orders because the language requiring the class members to be non-exempt employees excludes Plaintiffs claiming in their capacity as "Captains" or "Senior Captains," which the Court has ruled are exempt positions.

With the exception of striking references to Plaintiffs' employment as "Captain" or "Senior Captain," Defendant's motions (D.E. 219) are DENIED. If Plaintiffs wish to pursue their request for fees and costs attributed to responding to Defendant's motions, they are instructed to contact the Court's case manager to set a hearing on that issue.

ORDERED this 9th day of June, 2014.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE