UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JOE DALE MARTINEZ, *et al*, | § | |
| | § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. 2:11-CV-295 |
| | § | |
| REFINERY TERMINAL FIRE COMPANY, | § | |
| | § | |
| | § | |
| Defendant. | § | |

### ORDER DENYING PLAINTIFFS' MOTION TO COMPEL
### AND GRANTING DEFENDANT'S MOTION FOR PROTECTIVE ORDER

Pending are Plaintiffs' motions to compel production of documents (D.E. 200, 221) and Defendant Refinery Terminal Fire Company's (RTFC) motions for protective order (D.E. 203, 225). The parties have filed responses and replies to the motions (D.E. 203, 204, 207, 208, 209). At issue is whether RTFC willfully violated the statute, the determination of which affects limitations. If the violation was willful, the statute of limitations is three years. If the violation was not willful, the statute of limitations is two years. 29 U.S.C. § 255.

The parties have conducted a great deal of discovery, but Plaintiffs contend that Defendant has not produced all the items requested and asks the Court to compel it to do so. RTFC counters that the items it has not produced are exempt from discovery because of the attorney-client privilege, or the attorney work product privilege, or both. RTFC tendered a privilege log to Plaintiffs and submitted documents to the Court for in camera review. In particular, the parties asked the Court to review Privilege Item No. 8,

1 / 9

described as "Analysis of recent DOL published opinion," Item No. 24, described as "Followup litigation analysis in anticipation of litigation," and Item No. 25, described as "Followup analysis of litigation exposure in anticipation of litigation."

As discussed more fully below, Plaintiffs' motions to compel production of the documents provided to the Court in camera are DENIED without prejudice, and Defendant's motions for protective order regarding the same documents are GRANTED at this time. The Court may reconsider this issue depending on the evidence presented in support of the motions for summary judgment the parties anticipate filing.

## APPLICABLE LAW

### A. Attorney/Client Privilege

Under the attorney-client privilege, "a corporate client has a privilege to refuse to disclose, and prevent its attorneys from disclosing, confidential communications between its representatives and its attorneys when the communications were made to obtain legal services." *Nguyen v. Excel Corp.*, 197 F.3d 200, 206 (5th Cir. 1999) (citing 3 JACK B. WEINSTEIN ET AL., WEINSTEIN'S FEDERAL EVIDENCE §§ 503.10, 503.11, at 503-14-15 (2d ed. 1999) and *Upjohn Co. v. United States*, 449 U.S. 383 (1981)). The exercise of the attorney-client privilege is a "question of fact, to be determined in the light of the purpose of the privilege and guided by judicial precedents." *In re Auclair*, 961 F.2d 65, 68 (5th Cir. 1992).

The attorney-client privilege protects two related, but different communications: (1) confidential communications made by a client to his lawyer for the purpose of obtaining legal advice; and (2) any communication from an attorney to his client when

made in the course of giving legal advice, whether or not that advice is based on privileged communication from the client. *S.E.C. v. Brady*, 238 F.R.D. 429, 438 (N.D. Tex. 2006) (citing *United States v. Mobil Corp.*, 149 F.R.D. 533, 536 (N.D. Tex. 1993)).

In order to establish attorney-client privilege, the party claiming the privilege must show the following: (1) the asserted holder of the privilege is or sought to become a client; (2) the person to whom the communication was made (a) is a member of a bar of a court, or his subordinate, and (b) in connection with this communication was acting as a lawyer; (3) the communication relates to a fact of which the attorney was informed (a) by his client (b) without the presence of strangers (c) for the purpose of serving primarily either (i) an opinion on law or (ii) legal service or (iii) assistance in some legal proceeding, and not (d) for the purpose of committing a crime or tort; and (4) the privilege has been claimed and not waived by the client. *Brady*, 238 F.R.D. at 438 (citing *Mobil*, 149 F.R.D. at 536). Also protected are communications between corporate employees concerning matters pertinent to their job tasks if the information is sought by the corporation's attorney in order to formulate and render legal advice to the corporation. *See Upjohn*, 449 U.S. at 394-395. A client's specific request to an attorney and pertinent information related thereto fall within the reaches of the privilege, as does research undertaken by an attorney to respond to a client's request. *Nguyen*, 197 F.3d at 206.

A client waives the attorney-client privilege if it fails to assert it when confidential information is sought in legal proceedings. *Id.* Inquiry into the general nature of legal services provided by counsel does not compel an assertion of the privilege because the

general nature of services is not protected by privilege. However, further inquiry into the substance of discussions between attorney and client implicates the privilege and an assertion is required to preserve it. *Id.*

### B. Attorney Work Product Doctrine

Ordinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative, including the other party's attorney. However, subject to Rule 26(b)(4), those materials may be discovered if they are otherwise discoverable under Rule 26(b)(1) and the party shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means. Fed. R. Civ. P. 26(b)(3)(A). If the court orders discovery of such materials, it must protect against disclosure of the mental impressions, conclusions, opinions or legal theories of a party's attorney or representative concerning the litigation. Fed. R. Civ. P. 26(b)(3)(B).

The work product doctrine "works to protect the mental process of an attorney from inquiry by an opposing party." *Smith v. Diamond Offshore Drilling, Inc., et al.*, 168 F.R.D. 582, 583 (S.D. Tex. 1996) (citing *Hickman v. Taylor*, 329 U.S. 495 (1947)). The privilege applies to documents prepared in anticipation of litigation. Fed. R. Civ. P. 26(b)(3); *In re Kaiser Alum. & Chem. Co.*, 214 F.3d 586, 593 (5th Cir. 2000). Litigation does not need to be imminent "'as long as the primary motivating purpose behind the creation of the document was to aid in possible future litigation.'" *United States v. El Paso Co.*, 682 F.2d 530, 542 (5th Cir. 1982) (quoting *United States v. Davis*, 636 F.2d

1028, 1040 (5th Cir. 1981));  *Kaiser Alum.*, 214 F.3d at 593.  Documents and materials assembled in the ordinary course of business or pursuant to public requirements unrelated to the litigation, or for other nonlitigation purposes, are not entitled to work product protection.  Fed. R. Civ. P. 26(b)(3), Advisory Committee Note.

The burden of establishing that a document is work product is on the party who asserts the claim.  *Hodges, Grant & Kaufman v. United States Dept. Treas.*, 768 F.2d 719, 721 (5th Cir. 1985) (citing *Hickman*, 329 U.S. at 511-12).  The burden of showing that it has a substantial need for the discovery and cannot, without undue hardship, otherwise obtain the materials, is on the party seeking production.  *Hodges, Grant & Kaufmann*, 768 F.2d at 721.

### C.  Willfulness and Good Faith

A FLSA violation is willful if the employer knew or showed reckless disregard for whether its conduct was prohibited by statute.  *Singer v. City of Waco*, 324 F.3d 813, 821 (5th Cir. 2003).  Plaintiffs bear the burden of showing that a violation is willful.  *Id.* at 820.  A finding of willfulness or lack thereof determines whether a two- or three-year statute of limitations applies.

Willfulness is distinguished from failing to act in good faith in the statutes and case law.  An employer who violates the FLSA is liable for liquidated damages equal to the unpaid overtime compensation unless, after concluding that the employer acted in good faith and had reasonable grounds to believe that its actions complied with the FLSA, the district court declines to award liquidated damages, or reduces the amount.  *Stokes v. BWXT Pantex, L.L.C.*, 424 Fed. Appx. 324, 326 (5th Cir. 2011) (citing 29

U.S.C. § 260). The employer bears the burden of showing that it acted in good faith and had reasonable grounds to believe its actions conformed to FLSA requirements. *Id.*

The reasonable grounds element requires that the employer's belief that the offending act complied with FLSA be objectively reasonable, while the issue of good faith is a subjective determination. *York v. City of Wichita Falls, Tex.*, 763 F.Supp. 876, 880-881 (N.D. Tex. 1990). Good faith includes a duty to investigate potential liability under the FLSA. *Id.* at 881. A reasonable belief may be found where the employer purposefully "engaged in the acts proven to be violations but did so under a mistaken belief, although reasonable, that its acts were in conformity with the law." *Id.* (quoting *Martinez v. Food City, Inc.*, 658 F.2d 369, 376 (5th Cir. 1981). A finding of willfulness precludes a finding of good faith. *Singer*, 324 F.3d at 823.

## DISCUSSION

Although RTFC initially asserted a good faith affirmative defense, it has since withdrawn that defense (Transcript of hearing held June 2, 2014 at 6; D.E. 231 at 6). Still at issue is whether the FLSA violations were willful. Plaintiffs assert that the FLSA violations were willful and argue that they are entitled to have Defendant produce documents identified in the privilege log to prove it.

The Court has reviewed the documents described in the privilege log and determined that that they are confidential attorney-client communications, either because they are confidential communications made by RTFC to its lawyer for the purpose of obtaining legal advice or because they are communications from RTFC's attorney to RTFC and made in the course of giving legal advice.

Plaintiffs contend that even if the documents are privileged, RTFC waived the attorney-client privilege because it disputes whether its violations of the FLSA were willful and also because RTFC representatives stated in their affidavits that they consulted with employment counsel and a board-certified labor and employment attorney regarding the FWW payment method. Plaintiffs cite *Xuedan Wang et al. v. The Hearst Corp.*, No. 12 CV 793 (HB), 2012 WL 6621717 (S.D.N.Y., order filed Dec. 19, 2012), where a district court ordered the defendant employer to provide its in-house counsel's emails to the court for in camera inspection, after the defendant had argued that the documents were protected by attorney-client privilege.

*Wang* does not offer Plaintiffs the support they claim. The defendant in *Wang* asserted the affirmative defense of good faith, while RTFC has expressly declined to do so. Also, the court in Wang did not compel the defendant to provide plaintiffs with copies of the documents but only ordered that the documents be provided to the court for in camera inspection. *Id.* at *3. The documents in this case have already been provided to the Court.

The Fifth Circuit has stated the following with regard to implied waiver of the attorney-client privilege:

> [W]aiver by implication involves two basic elements. The first is subjective—Does the person holding the right to claim the privilege intend to waive it? The second element is objective—Is it fair and consistent with the assertion of the claim or defense being made to allow the privilege to be invoked? This objective determination should be based upon whether the position taken by the party goes so far into the matter covered by the privilege that fairness requires the privilege shall cease even when, subjectively, he never intended that result. Thus, . . . a client's offer of his own or his attorney's

> testimony as to a specific communication constitutes a waiver as to all other communications on the same matter . . . . This is so because the privilege of secret communication is intended only as an incidental means of defense, and not as an independent means of attack, and to use it in the latter character is to abandon it in the former.

*Hyde Construction Company v. Koehring Company*, 455 F.2d 337, 342-343 (5th Cir. 1972) (quoting *United States v. Woodall*, 438 F.2d 1317 (5th Cir. 1970) and 8 Wigmore, Evidence (McNaughton Rev. 1961) § 2327 at p. 638 (internal quotation marks omitted).

RTFC did not intend to waive the privilege, and the disclosures made by its representatives via affidavit[1, 2] and at their depositions[3] were not sufficient to waive it. "Inquiry into the general nature of the legal services provided by counsel does not necessitate an assertion of the privilege because the general nature of services is not protected by the privilege." *Nguyen*, 197 F.3d at 206. It follows that disclosure in a statement of the general nature of legal services provided by counsel does not waive the privilege for the same reason.

Defendant's representatives asserted the attorney-client privilege when they were asked specific questions about advice given by its attorney and they have not disclosed, or discussed specific advice from counsel. Under the criteria set out in *Hyde* and *Nguyen*, RTFC has not waived the attorney-client privilege. Thus, the Court declines to order

---

[1] "In 2004, the company moved to paying employees a fixed salary for all hours worked and additional payments for hours worked over 40. We consulted with a board certified labor and employment attorney to ensure that the system was set up correctly and also with the local Department of Labor." (Sworn Stmt. of Tanya Claudio at 1; D.E. 208-4 at 1).

[2] "In 2004, the company decided to change its payment method to the fixed salary fluctuating workweek method of pay. . . . Prior to implementing the payment method, we consulted with our employment counsel and reviewed regulations and discussed the matter with the Department of Labor." (Sworn Stmt. of Mary Gene Garbutt at 1; D.E. 208-5 at 1).

[3] Similar general statements were made by RTFC representatives during their depositions. *See* Deposition of Tania Claudio, at 39-43; D.E. 208-2 at 2-7; Deposition of Lonnie Bartlett at 11-13; D.E. 208-3 at 3-5.

RTFC to produce the privileged documents. The question of whether the documents are also privileged as attorney work product is not addressed.

## CONCLUSION

Based on the foregoing, the Court GRANTS Defendant's motions for protective order (D.E. 203, 225) at this time insofar as they seek to protect from disclosure all documents submitted for in camera review. The Court DENIES Plaintiffs' motions to compel (D.E. 200, 221) without prejudice regarding the same documents. The Court may reconsider this issue depending on the evidence presented in support of the motions for summary judgment the parties anticipate filing.

ORDERED this 24th day of June, 2014.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE